## GRIMES *v.* PENNSYLVANIA CO.

*(Circuit Court, N. D. Ohio, E. D.   April Term, 1888.)*

1. CARRIERS—OF PASSENGERS—STATION ACCOMMODATIONS.
   It is the duty of a railroad company to properly light the platform connected with its depot within a reasonable time before the arrival and departure of its trains, so as to insure the safety of persons coming to the depot as passengers.[1]

2 SAME—WHO ARE PASSENGERS.
   A person in good faith coming to the depot for the purpose of taking passage on the cars is to be regarded as a passenger, although a ticket may not have been purchased.

3. SAME—PROVINCE OF JURY.
   Schedules of times of arrival and departure of the different trains at the depots at which they stop, published by a railroad company, are an invitation to persons desiring to use the road to be at the depots at the time of, and a reasonable time before, the arrival and departure of trains; and what is a reasonable time depends upon the circumstances of the case, and is for the jury.

At Law.   Action for damages for personal injuries.

*McCoy & Taylor* and *M. R. Dickey,* for plaintiff.

*J. R. Carey,* for defendant.

WELKER, J., *(charging jury.)*   The plaintiff, a resident of Augusta, Columbiana county, Ohio, on the evening of the 21st of March, 1887, went to the station called Kensington, on the Cleveland & Pittsburgh Railroad, then operated and run by the defendant, to take a train upon the railroad to Alliance, the regular passenger train being due at 2:25 A. M., and freights at different times before that hour.   She arrived at the station about 9 o'clock in the evening, and went upon the platform near the waiting-room, and, while her husband was getting the key to the waiting-room, she, with a lady friend, walked around the corner of the station-house, it being dark, and, intending to go off the platform upon the ground, stepped off the platform at a point where it was some five feet high, falling to the ground, and thereby was severely injured.   She sues the defendant to recover damages for her injury, and alleges in her petition, as the grounds of recovery, that the defendant was negligent and careless, in that the platform of the railroad was improperly and dangerously constructed, and station carelessly managed; that it was dark, and the platform was not properly lighted, so as to make it safe to be used by her as such passenger, and that the east end of the platform, where she stepped off, had no railing around it, to protect passengers from danger

---

[1] Railroad companies must keep their stations and approaches reasonably and properly lighted at night for the safety and accommodation of passengers, and are liable for injuries occasioned by their neglect of such duty, Fordyce v. Merrill, (Ark.) 5 S. W. Rep. 329, and note; Cross v. Railway Co., (Mich.) 37 N. W. Rep. 361, and note; but are not liable where the passenger is also negligent, Reed v. Railroad Co., (Va.) 4 S. E. Rep. 587.

In general, as to the duty of railroad companies to maintain safe and proper station and traffic accommodations, see Railroad Co. v. Fox, (Tex.) 6 S. W. Rep. 569; Railroad Co. v. Arnold, (Ala.) 4 South. Rep. 359; Ryan v. Railroad Co., 1 N. Y. Supp. 899.

of going off the same. She also alleges that her injury was produced by this negligence and carelessness of the defendant, and that she was herself not guilty of any fault or carelessness. These allegations and denial form the issue you are to try. To entitle the plaintiff to recover she must establish the negligence and carelessness on behalf of the defendant described in her petition, or some one or more of them, and that such negligence caused her injury. Not much claim is made of negligence in the original construction of the platform at the station, except the want of railing at the east end thereof; but the principal complaint as to negligence is the absence of proper lights upon the platform at the time of the injury.

Negligence and carelessness very largely depend upon the duties required of the parties. As a general proposition, a railway company, being common carriers of freight and passengers, has the right to construct its depot and platform used on its road so as to make it convenient, safe, and proper to safely and conveniently transact the business to be done at the station. It is also its duty to make and keep its platforms, waiting-rooms, and approaches in such a way as will be safe for those having business there as passengers, proposed passengers, or otherwise, who may be expected to come there for such lawful purposes. For the convenience and safety of the public, and for their own safety and transaction of the business of common carriers, railroads adopt and publish time-tables, giving schedules of times of arrival and departure of the different trains at the depots at which they stop, and these schedules constitute an invitation to the public and persons desiring to use the railroad as passengers or for business to be there at such times of arrival and departure of trains, and also, impliedly, within a reasonable time before such arrivals and departures, to enable persons desiring passage to avoid hurry and confusion in the purchase of tickets, and getting ready to enter the cars. It was the duty of the defendant to place and keep upon its platform, in the night-time, suitable and proper lights to protect and make it safe for passengers who may desire to go upon the trains or get off trains, at the times of the arrivals and departures of trains so advertised to stop, or which were accustomed to stop, at the station. It was also the duty of the defendant, within a reasonable time before such arrivals and departures of trains, to properly light its waiting-room, and the platform connected therewith, so as to make them comfortable and safe for the use of passengers desiring to take such trains as passengers, and in that respect to exercise a high degree of care for the safety of passengers. It was not the duty of the defendant to keep its waiting-room and platform lighted in the night-time, at unreasonable hours, or during the whole night; but it was its duty to keep the platform in its construction in a safe condition to persons who might lawfully go upon it at all times.

The plaintiff had the right to go to the depot and upon the platform of defendant, for the purpose of taking a train or any lawful purpose, at any time she might desire, and would not be a trespasser in so doing. But to place the defendant under obligation to light the platform for her safety, she must avail herself of that right, and exercise such right, in a

reasonable manner, and at a reasonably proper time; that is, she had a right to come upon the premises within a reasonable time next prior to the regular time of departure of the train on which she intended to go, and remain until such train left. This right to enter and remain exists only by virtue of, and as an incident to, the right to go upon the train, and it is to be extended so far only as is reasonably necessary to secure to her the full and perfect exercise and enjoyment of her right to be carried upon the cars. If she came upon the platform at an unreasonable hour, and found it not lighted up, she would take her own risk as to want of light in walking about the platform in the dark; but she had a right to suppose it was safely constructed. · What would be a reasonable time must depend upon all the circumstances of the case, taking into consideration the situation of the station with reference to public houses, the distance she resided from the station, and any other circumstances that may have surrounded the plaintiff at the time, bearing upon such reasonable time. The question of reasonable time is one of fact, which you must decide in the light of the evidence in this case, under these directions. I direct you, then, that the defendant was required to light the platform properly, to insure her safety at such time as she had a right to be and remain at the station and on the platform, as I have heretofore directed you. If the defendant did not at such time properly light the platform, it would be guilty of negligence and carelessness, for which it would be liable; or, if the platform was not safely constructed and guarded at the time, and injury resulted from want of such proper construction, defendant would be guilty of negligence. A person in good faith coming to the depot for the purpose of taking passage on the cars is to be regarded as a passenger, although a ticket may not have been purchased. To entitle the plaintiff to recover it must also appear in the evidence that the plaintiff at the time herself exercised ordinary care and diligence to avoid the injury; such care as a person of ordinary prudence would or should exercise under like circumstances. If by her negligence and want of care she contributed to the injury, although the defendant may have been guilty of want of care and diligence, she is not entitled to recover in this action. The injury must have been produced without her fault, and by the fault and want of care of the defendant. What constitutes due care and diligence must be determined by you from all the circumstances surrounding the party at the time. What would be proper care under some circumstances and situations, may not be such under other circumstances. It will be your duty to consider all the circumstances surrounding the plaintiff at the time of the injury; the darkness upon the platform, or the character of the light there as she walked upon it; where she intended to go; how she got upon the platform; the knowledge or want of knowledge she had of the situation of the platform and its construction; whether in the darkness she should have been more or less careful in walking upon the platform; any caution or care by her companion at the time; and all other circumstances bearing upon her conduct at the time. If you find from the evidence, under these directions, that the defendant was guilty of negligence and carelessness,

as alleged in the petition, and that the plaintiff did not by her own carelessness and negligence contribute to her injury, you will find for the plaintiff. But if you find the defendant was not guilty of such negligence, or if you find that the plaintiff so contributed to her injury, you will find for the defendant. If you find for the plaintiff you will assess to her such reasonable damages as you think, under the evidence, she is entitled to recover, and will compensate her for the injury. The amount of such damages is entirely with you to determine. There are some elements that enter into the damages in this case,—such as the pain and suffering endured, the expense of nursing and doctors' bills, time lost in sickness, diminished capacity for labor, and any permanent disability received by reason of such injury.

Verdict for the plaintiff for $7,166.[1]

[1] In this case, on motion for new trial, verdict was set aside, JACKSON, J., sitting with WELKER, J., because verdict was contrary to the evidence—it showing contributory negligence of the plaintiff.