JOHN GRAY, Administrator of Katie Gray, v. H. McD. LITTLE.

(Decided April 17, 1900.)

*Malpractice—Careless, Inhuman, Cruel Treatment—Death Accelerated—Damages, Nominal, Compensatory, Punitive—Judge's Charge—Partial New Trial in Respect to Damages.*

1. Expediting the death of a patient by carelessness, inhuman and cruel treatment on the part of the attending physician, is not a mere technical injury, compensated for by nominal damages, but calls for compensatory and even punitive damages at the hands of the jury.

2. Where the error committed below, and appealed from, relates to the measure of damages only, a new trial will be awarded only upon the issue relating to damages.

CIVIL ACTION for damages at the hands of the defendant, a practicing physician, for occasioning, as alleged, the death of his patient, Katie Gray, intestate of plaintiff, by mal-practice and cruel treatment, tried before *Robinson, J.,* at February Term, 1900, of ALEXANDER Superior Court.

The plaintiff, husband of the deceased, had employed the defendant, Dr. Little, to attend his wife in her confinement.

The first issue related to the employment, and was by consent answered, "Yes."

The second issue: Was the death of plaintiff's intestate caused by defendant's carelessness, and inhuman and cruel treatment, as alleged?

This issue was controverted—there was conflicting evidence relating thereto.

The response of the jury was: "Yes, accelerated."

The third issue related to damages: What damages, if any, is plaintiff entitled to recover?

25——126

Upon this issue, his Honor, after reciting the evidence relating to the age, habits, qualifications, etc., of the deceased, gave the instruction approved in *Benton v. Railroad,* 122 N. C., 1007, to which there was no exception.

His Honor gave an additional charge, which is recited in the opinion, to the effect that if the jury should find that the death of plaintiff's intestate was only accelerated by the acts or omissions of the defendant, as alleged, then the verdict of the jury should be for nominal damages only.

To this additional charge the plaintiff excepted.

The plaintiff asked the following special instruction:

"If you find from the facts, that the death of plaintiff's intestate was due to wilful negligence on the part of defendant, or from wilful misconduct, cruelty or inhuman treatment to her, committed under circumstances that showed gross negligence, the plaintiff would then be entitled to recover not only compensatory damages, but also punitive damages."

This instruction was refused, and plaintiff excepted.

The response of the jury to the third issue was: "Nominal damages—5 cents."

Judgment was rendered agreeably to the issues and responses thereto, in favor of plaintiff.

Appeal by the plaintiff upon exceptions to the instruction of his Honor, and his refusal of instructions upon the issue of damages.

*Messrs. B. F. Long, F. A. Linney, J. H. Burke,* and *J. L. Gwaltney,* filed brief for appellant.

Appellee not represented in this Court.

FAIRCLOTH, C. J. The defendant is a practicing physician and surgeon, and was called to attend the plaintiff's

wife in her child-bed sickness. The evidence is not in the record in this Court, and there is no exception to anything at the trial, except that part of the charge copied below.

The allegation is that the defendant, by his careless, negligent and unskillful conduct, caused great pain and injury to the plaintiff's intestate (wife), and that by inhuman and cruel treatment by the defendant, the child's death resulted after delivery, and the death of the wife was hastened and accelerated. The answer denies these allegations. The second issue is, "Was the death of the plaintiff's intestate caused by the defendant's carelessness and inhuman and cruel treatment as alleged?" The jury answered, "Yes, accelerated." The third issue is, "What damage, if any, is plaintiff entitled to recover?" Answer. "Nominal damages—5 cents."

His Honor in charging the jury substantially followed the charge approved in Benton v. Railroad, 122 N. C., 1007, and in addition thereto instructed the jury in these words:

"But in considering the second issue as to the cause of the death of the plaintiff's intestate, if you find that the death of the intestate was only hastened or accelerated by the acts or omissions of the defendant as alleged, then you are instructed that, in answering the third issue as to damages, you can not award the plaintiff any more than nominal damage, that is, such small sum as for instance 5 cents, or other small sum, because in such state of the case if the death of the intestate was only hastened or accelerated by the defendant, you could only respond to this issue in nominal damages." (Exception.) The error in that part of the charge lies in considering the act expediting death, as a mere technical injury. That is not the language of the law, nor of the text-books on criminal matters. There are instances in the common law reports where the accelerator paid the severest penalty known to the

law. We know of no decision of a final appellate court in this country declaring otherwise.

We will only refer to a few of our own cases which are in point on this question—*Lewis v. City of Raleigh,* 77 N. C., 229; *Coley v. Statesville,* 121 N. C., 301, and others cited in No. 5024, Womack's Digest. It follows that the prayer referred to in the defendant's second exception was proper for the jury.

Considering the verdict on the second issue, and such evidence as authorized the jury to make that response, it seems fortunate for the defendant that he is not on trial for a higher criminal offense, as well as to answer in an action for damages.

There must be a new trial as to damages only, on the third issue.

Error.