### MEEKINS v. RAILWAY CO.

(Filed February 16, 1904).

1. DAMAGES—*Negligence—Death.*

Damages are recoverable where death is hastened or accelerated by injuries resulting from negligence.

2. EVIDENCE—*Damages—Negligence—Death.*

In an action for death, evidence that the decedent would have died in a short time from natural causes is competent on an issue of damages, but not of negligence.

ACTION by J. C. Meekins, administrator of John Jones, against the Norfolk and Southern Railroad Company, heard by *Judge W. B. Council* and a jury, at Fall Term, 1903, of the Superior Court of TYRRELL County. From a judgment for the defendant the plaintiff appealed.

*E. F. Aydlett* and *I. M. Meekins,* for the plaintiff.
*Pruden & Pruden* and *Shepherd & Shepherd,* for the defendant.

MEEKINS v. RAILWAY CO.

DOUGLAS, J.    This is an action to recover damages for the death of the intestate from injuries alleged to have been received through the negligence of the defendant.    The first issue was as follows: "Was the death of the intestate, John Jones, caused by the negligence of the defendant, as alleged in the complaint?"    This issue was answered "No," which rendered the remaining issues immaterial.

There are several exceptions, nearly all to the charge or failure to charge; but as they are so connected with the evidence that they may not arise upon a new trial, we will confine ourselves to the exception which alone seems necessary for the determination of this appeal.    The Court charged as follows: "If the jury shall find that intestate's death was caused by disease, and would have occurred from disease which he had at the time of the accident to him, even if the accident had not befallen him, then they shall answer the first issue 'No,' even if they shall further find that the fall aggravated his disease and hastened his death."    In this instruction there was substantial error, for which a new trial must be granted.    The first part of the instruction would of course be correct if taken by itself, as the defendant would not be liable for the death of the intestate if a pre-existing disease were its proximate cause; but in contemplation of law the cause of death is that which produces death at the time it happens.    The unlawful killing of a human being would be none the less murder or manslaughter, as the case might be, even if the innocent victim were in the last stages of a fatal disease.    We see no reason why the defendant should not be held civilly liable for negligently doing an act, the intentional commission of which might subject an individual to the punishment of death.    Any other construction of law would be liable to the gravest consequences.

It has been repeatedly held by this Court that substantial

damages are recoverable where the death of the intestate was hastened or accelerated by injuries resulting from the negligence of the defendant. In *Lewis v. Raleigh,* 77 N. C., 229, where the jury found that "the death of John Godwin was accelerated by the noxious atmosphere of said guard-house," it was held in a well-considered opinion that his administrator could recover. In *Gray v. Little,* 126 N. C., 385, this Court says, on page 387: "His Honor in charging the jury substantially followed the charge approved in *Benton v. Railroad,* 122 N. C., 1007, and in addition thereto instructed the jury in these words: 'But in considering the second issue as to the cause of the death of the plaintiff's intestate, if you find that the death of the intestate was only hastened or accelerated by the acts or omissions of the defendant as alleged, then you are instructed that in answering the third issue as to damages you cannot award the plaintiff any more than nominal damages, that is, such small sum, as for instance, five cents, or other small sum, because in such state of the case if the death of the intestate was only hastened or accelerated by the defendant, you could only respond to this issue in nominal damages.' (Exception). The error in that part of the charge lies in considering the act expediting death as a mere technical injury. This is not the language of the law, nor of the text-books on criminal matters. There are instances in the common law reports where the accelerator paid the severest penalty known to the law. We know of no decision of a final appellate court in this country declaring otherwise." In view of the uniform decisions of our own State, it is needless to cite outside authorities; but a further discussion of the question may be found in *Railroad v. Northington,* 91 Tenn., 56, 16 L. R. A., 268, and in 1 Thompson Neg., sec. 149.

The evidence tending to show that the intestate would in any event have died in a short time from natural causes was

competent upon the issue of damages, but was utterly immaterial upon that of negligence. For this erroneous instruction of his Honor a new trial is ordered.

New trial.