## CHICAGO, ROCK ISLAND & GULF RAILWAY COMPANY v. W. C. GRONER ET AL.

### Decided May 16, 1908.

**1.—Death—Measure of Damage—Case Distinguished.**

In a suit for damages for the death of plaintiffs' wife and mother, the court charged the jury as follows: "If the death of the wife of plaintiff was proximately caused by the negligence of defendant, as charged, the plaintiff is entitled to recover on account of the death of his wife a sum the value of which is equal to the pecuniary benefit (if any) that the plaintiff or his children, for whom he sues, or any of them, had reasonable expectations of receiving from the said deceased had she not died." Held, not subject to the objection that the charge

was tantamount to telling the jury to allow the plaintiff such sum now as he might reasonably have expected to receive in a pecuniary way in the future if his wife had *not* died. Ft. Worth & D. C. Ry. Co. v. Morrison, 93 Texas, 529, distinguished.

**2.—Negligence—Hastening Death—Liability.**

One whose negligence hastens the death of another is liable proportionately for the resulting damages.

Appeal from the District Court of Jack County. Tried below before Hon. J. W. Patterson.

*N. H. Lassiter, Robert Harrison* and *Stark & Cox,* for appellant.—The charge is erroneous in instructing that the appellee is entitled to recover "a sum the value of which is equal to the pecuniary benefit which he or his children had reasonable expectations of receiving." The rule is that he is entitled to recover an amount which will compensate him for the loss of such pecuniary benefits as he could reasonably expect. The charge as given indicated to the jury and tended to lead them to believe that they should give the appellee a sum equal in amount to the sum of the pecuniary benefits to be received. Houston & T. C. Ry. Co. v. Loeffler, 51 S. W., 536; Ft. Worth & D. C. Ry. Co. v. Morrison, 56 S. W., 932.

*Nicholson & Fitzgerald,* for appellees.

SPEER, Associate Justice.—W. C. Groner sued the Chicago, Rock Island & Gulf Railway Company on behalf of himself and his six children to recover damages for the death of Mrs. C. C. Groner, wife of the said W. C. Groner, and mother of his children, and from a judgment in favor of the plaintiffs for the sum of $3,207.85 the defendant has appealed.

The case has been once before appealed to this court and to the Supreme Court and from the opinions rendered on that appeal a fuller statement of the case may be had. (Chicago, R. I. & G. Ry. Co. v. Groner, 43 Texas Civ. App., 264, 100 Texas, 414.)

Much reliance is placed by appellant upon the third paragraph of the court's charge, defining the measure of plaintiff's damage, as constituting reversible error. The portion of the charge called in review is as follows: "If the death of the wife of the plaintiff was approximately caused by the negligence of defendant, as charged, the plaintiff is entitled to recover on account of the death of his wife a sum, the value of which is equal to the pecuniary benefit (if any) that the plaintiff or his children, for whom he sues, or any of them, had reasonable expectations of receiving from the said C. C. Groner had she not died." The insistence is that the charge is tantamount to telling the jury to allow the plaintiff such sum now as he might reasonably have expected to receive in a pecuniary way in the future if his wife had not died, and therefore in violation of the rule announced in Ft. Worth & Denver City Ry. Co. v. Morrison, 93 Texas, 529. But we are of opinion the charge should not be so construed. The plain import of the language is that the sum to which the plaintiff was entitled should be of a value equal to the pecuniary benefits to be received, that is, equal in value to

the value of such benefits. Compensation for the loss sustained is the primary consideration in arriving at the damages to be awarded in a death case like this, and compensation can only be given by awarding a sum equal in value to the pecuniary benefits lost. This equality in value is expressly recognized as a test in the Supreme Court opinion in the Morrison case, *supra,* reviewing former decisions of that court. Appellant insists that the value of a sum of money is, of course, the sum itself, and that "the instruction, therefore, is equivalent to saying that the plaintiff had a right to recover a sum equal to the pecuniary benefit he reasonably expected to receive." But let it be so; it does not follow that the charge as thus interpreted is erroneous, but on the contrary, a charge in almost this identical language was approved both by the Court of Civil Appeals and the Supreme Court in Galveston, H. & S. A. Ry. Co. v. Hughes, 22 Texas Civ. App., 134, the charge in that case being: "In case you find for the plaintiffs, the amount they would be entitled to recover would be a sum equal to the pecuniary benefit, if any, which they would have had a reasonable expectation of receiving from said William E. Hughes, had he not been killed by defendant's cars." But if there remain any doubt as to the construction intended to be placed upon the charge, it is removed when considered in light of the special charge No. 7, given at the instance of appellant, which directed the jury to allow plaintiffs only "such sum, if any, as will fairly compensate plaintiff for loss of services of his wife and (to) his minor children during their minority."

We think appellees' special charge to the effect that if appellant's negligence aggravated or was the means of developing consumption in the deceased, even though she was predisposed to that disease and died therefrom, plaintiffs would be entitled to recover, was correct for the reasons given in our opinion on the former appeal. If appellant's negligence hastened the death of Mrs. Groner, it certainly could not escape liability altogether merely because she would ultimately perhaps have died of consumption, but, of course, the amount of the recovery would be less than if her death had been caused solely by its negligence. This is a matter for the consideration of the jury in determining appellees' loss.

Appellant's special charge No. 10 was properly refused because it assumed that Mrs. Groner died of tuberculosis of the lungs, while the evidence conflicted on this issue. Besides, the material part of the defense therein presented was contained in the main charge given.

We find no error in the record and conclude that the evidence is sufficient to support the verdict and judgment in appellant's favor.

*Affirmed.*

Writ of error refused.