CATHERINE WIEMERT, administratrix, *vs.* BOSTON ELEVATED
RAILWAY COMPANY.

SAME *vs.* SAME.

Middlesex.    November 14, 1913. — February 27, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Negligence,* Causing death, Proximate cause, Street railway. *Proximate Cause.*

If one, who was suffering from Bright's disease in a latent and inactive form, which, although it ultimately would have resulted in his death, might not have so resulted for fifteen or twenty years, receives personal injuries by reason of the negligence of a street railway company or of its servants or agents, and, because of such injuries his condition is so far weakened that he dies from the disease within seven months, his death may be found to have been caused by reason of the negligence of the company or of its servants or agents within the meaning of St. 1907, c. 392, § 1.

TWO ACTIONS OF TORT, the first for conscious suffering, and the second for causing the death of Peter Wiemert, who was alleged to have been thrown to the ground by the negligent starting of an electric street car of the defendant as he was in the act of boarding it. Writs dated respectively October 20, 1911, and July 22, 1912.

In the Superior Court the cases were tried together before *Hitchcock,* J. Exceptions taken in the first case were waived.

---

* By *Lawton,* J.

In the second case, at the close of the evidence, the defendant asked for the following rulings among others:

"1. Upon all the evidence the plaintiff is not entitled to recover."

"8. There is no evidence warranting a finding that the death of the plaintiff's intestate was caused by reason of the negligence of the defendant or by reason of the unfitness or negligence of its agents, or servants, while engaged in its business within the meaning of St. 1907, c. 392.

"9. Bright's disease is an independent, intervening cause of the death of the plaintiff's intestate and she is, therefore, not entitled to recover.

"10. Upon all the evidence, Bright's disease was the efficient cause of the death of the plaintiff's intestate and she is, therefore, not entitled to recover.

"11. Upon all the evidence the injuries received by the plaintiff's intestate in the accident in question did not efficiently cause his death and the plaintiff is, therefore, not entitled to recover.

"12. Upon all the evidence, the Bright's disease was the proximate cause of the death of the plaintiff's intestate, and she is, therefore, not entitled to recover.

"13. Upon all the evidence, the injuries received by the plaintiff's intestate in the accident in question were not the proximate cause of his death within the meaning of St. 1907, c. 392, and the plaintiff is, therefore, not entitled to recover.

"14. Upon all the evidence, in order to have the plaintiff to recover, you must be satisfied that the accident in question was the proximate cause of Peter Wiemert's death.

"15. Upon all the evidence, in order that the plaintiff may recover, you must be satisfied that the injuries received in the accident in question were the efficient cause of Peter Wiemert's death."

The judge charged the jury in part as follows:

"Now, it seems to be conceded in this case that the plaintiff died of Bright's disease, and a question of fact is presented in this case as to whether his death by Bright's disease was caused by the negligence of the defendant's servants or agents. It has been said — I am using the language which our Supreme Court has used, applying it to Bright's disease, — that, 'If the plaintiff's

Bright's disease has been directly caused by this accident, it would, of course, have been an element of damage; or if it were induced, without any other intervening cause by the weakened condition itself directly caused by the accident. The same would be true if, at the time of the injuries there was Bright's disease in his system, and if the direct consequence of the injury was to lessen his general health and cause weakness and reduce his forces of resistance to toxic effects of the disease in the system, and if, solely by reason thereof, Bright's disease, which had been latent in the system, became a developed or existent disease, then it would be for the jury to determine whether the Bright's disease of which he died was the direct and immediate result of the injuries that he received.'

" As I have stated, the statute imposes a liability in the case of a corporation which, by reason of the negligence of its servants or agents, causes the death of a passenger. It is incumbent upon the plaintiff to show that the death was caused by this accident; if it was, if the accident was a cause which brought about the death of the plaintiff, and the death would not have resulted at the time when it did unless this accident brought about the death, then there would be liability. If the accident brought about such a condition which resulted in the death so that you can say that the plaintiff died in consequence of this accident and because of this accident, then there is a liability. Now the burden of proof is upon the plaintiff to establish the proposition which he claims, and that is that death was caused by this accident. Now if that is the fact, if that should be found to be the fact then there is a liability as has been stated in the statute of not less than $500 nor more than $10,000, and that is to be assessed with reference to the degree of culpability of the servant or agent whose negligence is complained of."

Except as given in the portion of the charge above quoted, the foregoing requests for rulings were refused. The jury found for the plaintiff in the first action in the sum of $1,000; and in the second action in the sum of $2,250; and the defendant alleged exceptions.

*F. J. Carney,* for the defendant.

*C. J. Muldoon, Jr.,* (*W. J. Corcoran* with him,) for the plaintiff.

HAMMOND, J. These two actions were tried together. The exceptions in the action for conscious suffering having been

waived, we consider only those in the second action, being that brought under St. 1907, c. 392, to recover for death of a passenger. The first question is whether the evidence warranted a finding that within the meaning of the statute the death was caused by the accident. The defendant strongly contends that this question should be answered in the negative.

At the trial it was admitted by the plaintiff that her intestate, hereinafter called the deceased, had for a period of at least five years next before the accident been afflicted with Bright's disease; and we do not understand the plaintiff to deny that this disease is fatal, that it continued from the time of the accident and that it was a contributing cause to the death, which occurred about seven months thereafter. Upon the evidence, however, the jury might have found that notwithstanding its presence it was in a latent and inactive form; that the deceased, who was a chief cook, had been able, up to the time of the accident, to work at his trade all day with the exception of a few days; and that but for the accident he might have lived fifteen or twenty years longer, and during a considerable portion of this time might have worked at his trade; that through the "shock" and other injuries caused by the accident his system became weakened and less able to resist the progress of the disease than it otherwise would have been; that subsequently the disease became more active and its progress more rapid, and that this weakened ability was operative up to the time of his death; and that the death at the time it took place was due to the combined effects of the disease and the accident. Shortly stated, we are dealing with a case where a person afflicted with a disease sure in the end to terminate fatally is so far weakened by an accident as to succumb fifteen or twenty years sooner than he otherwise would have done, both causes operating to the time of his death; or, in other words, where the death is substantially hastened by the accident.

It is strongly urged by the defendant that the statute is penal in character and should be strictly construed; that only the proximate cause should be considered; and that in this case the accident was not a proximate cause.

The legislation providing for the liability of common carriers of passengers for the death of a passenger caused by the negligence of the carrier began with St. 1840, c. 80; but the first statu-

tory provision expressly subjecting street railway companies by
name to the liability was St. 1864, c. 229, §§ 37, 38, which enacts
that, if by reason of the negligence of a street railway company or
by the unfitness or negligence of its servants the life of a per-
son being a passenger in the exercise of due care is lost, the cor-
poration shall be punished by a fine to be recovered by an indict-
ment and paid out for the use of certain relatives of the deceased.
These provisions were re-enacted in St. 1871, c. 381, § 49. And
with certain changes not material to the question now before us,
such has been the law ever since. Pub. Sts. c. 112, § 212. R. L. c.
111, § 267. Sts. 1906, c. 463, Part I, § 63; 1907, c. 392. But not
until St. 1886, c. 140, was a street railway company made liable
to an action of tort for the loss of life of a passenger, although some
years before that steam railroad companies had been made
liable to such an action. St. 1881, c. 199, § 1. Pub. Sts. c. 112,
§ 212. *Holland* v. *Lynn & Boston Railroad,* 144 Mass. 425. See
also *Brooks* v. *Fitchburg & Leominster Street Railway,* 200 Mass.
8, for history of the legislation on this subject.

St. 1886, c. 140, subjected a street railway company to an
action of tort for causing the death of a passenger, the damages
to be assessed with reference to the degree of culpability of the
corporation or of its servants or agents. Ever since the passage
of this statute the liability of a street railway company for caus-
ing the death of a passenger may be enforced either by indict-
ment or by an action of tort; St. 1864, c. 229, §§ 37, 38; R. L. c. 111,
§ 267; St. 1907, c. 392; if by indictment then in accordance with the
general course of criminal procedure the fine imposed will be as-
sessed according to the degree of culpability as determined by the
judge; if by an action of tort, then by the statute the damages are
to be according to that degree as determined by the jury. By
whomsoever determined the standard must be the same, and in
the theory of the law at least the amount assessed accordingly
will be the same. The amount assessed goes to the same parties
whichever course is pursued. The main purpose of giving the
civil remedy was not to increase the amount to be paid by the
negligent party, but to leave the management and control of
the suit not in the public prosecuting officers as before, but
in the hands of the private parties most interested in the result.

At common law, on an indictment for causing the death of

another, it was held that death was caused when by the act of the defendant it was hastened, or in other words when it occurred sooner by reason of the act than otherwise it would have occurred. As said by Bigelow, J., in *Commonwealth* v. *Fox,* 7 Gray, 585, 586, which was an indictment for homicide: "In the present case, this rule of law will be sufficiently complied with, . . . if the jury are satisfied, on the evidence, that an assault and battery were committed on the deceased, . . . and that thereby . . . [her] . . . death . . . was hastened, so that it took place sooner by reason of the assault and battery than it would have occurred in consequence of her sickness alone. In such case, the assault and battery were the efficient cause of death. As death is appointed to all the living, and must come to all sooner or later, every act of homicide only hastens the inevitable event. The law therefore does not permit a party charged with murder to speculate on the chances of the life of his victim, or to endeavor to apportion his own wicked act by dividing its effects with the operation of natural causes on the body of the deceased." It is plain that if the proceeding in the present case had been by way of indictment this rule of the common law would have been held applicable, and it would have been held that if the act hastened the death then the death was caused by the act. And it is equally plain that the act for which the action of tort lies is the same as that for which an indictment will lie. The change in the nature of the proceedings does not alter the act for which the defendant is liable. As in the case of an indictment, so in that of an action of tort, the act is the same, namely, an act which hastens death or causes death sooner than but for the act it would have occurred. The defense is weakened rather than strengthened by the fact that the statute is penal. For cases in other States more or less directly bearing upon the general subject, see *Meekins* v. *Norfolk & Southern Railroad,* 134 N. C. 217; *Louisville & Nashville Railroad* v. *Northington,* 91 Tenn. 56; *Guenther* v. *Metropolitan Railroad,* 23 App. D. C. 493; *Gray* v. *Little,* 126 N. C. 385.

The charge to the jury was sufficiently favorable to the defendant. There was no error in the manner in which the presiding judge dealt with the defendant's requests for rulings.

*Exceptions overruled.*