MARTHA H. LEGGETT, Executrix, v. ATLANTIC COAST LINE
RAILROAD COMPANY.

(Filed 24 February, 1915.)

1. Carriers of Passengers—Intention to Become a Passenger.

One who has gone into a passenger station of a railroad company and is waiting for the coming of his train, in the room provided for the purpose, with the intent to become a passenger thereon, is entitled to the rights of a passenger.

2. Carriers of Passengers—Negligence—Passenger Depots—Duty of Carrier —Safety of Passenger—Lights at Night.

Common carriers are held to a high degree of care in providing, at their passenger stations, places and conditions by which passengers may board and alight from their trains in safety; and where a passenger received an injury at night, while attempting to board his train from an unguarded platform at a passenger depot, along which the track runs, the failure of the carrier to provide sufficient light is evidence of its actionable negligence.

3. Carriers of Passengers—Passenger Depots—Lights at Night—Contributory Negligence—Trials—Questions for Jury.

Under the circumstances of this case, the mere fact that a passenger attempted to board defendant's train at night from an insufficiently lighted platform cannot be held to bar his recovery as a matter of law, on the question of his contributory negligence. *Beard v. R. R.,* 143 N. C., 136; *Darden v. Plymouth,* 166 N. C., 492, cited and applied.

4. Negligence — Wrongful Death—Cause of Death — Trials — Questions for Jury.

In an action by an administrator to recover damages for the negligent killing of his intestate, when the evidence is conflicting as to whether the injury complained of caused the death, the issue of fact therein raised is for the determination of the jury.

Appeal by plaintiff from *Bond, J.,* at March Term, 1914, of Martin.

Civil action to recover for negligently causing death of plaintiff's intestate.

On motion made by defendant, in apt time, there was judgment dismissing action as on nonsuit, and plaintiff excepted and appealed.

*Martin & Critcher, Winston & Matthews, Winston & Biggs, and R. W. Winston, Jr., for plaintiff.*

*F. S. Spruill for defendant.*

HOKE, J.    There was evidence on part of plaintiff tending to show that, on the night of 9 December, 1909, the intestate, with another, was in the waiting-room of defendant's passenger station at Everett, N. C., with the purpose of taking next train to Williamston, N. C.; that the train was late and the schedule time was 6 p. m., at that time after dark; that the station was alongside of the tracks, some 18 feet from the main line, was something over 3 feet above the ground, and had a platform all around it without railing; that the tracks ran north and south and the platform next the tracks was without steps; that there were steps all along the west end of the building and, at the east end, the steps were 5 feet in length; that you entered from the west end, the usual way, came first to the colored waiting-room, and, further along the platform, about 18 feet, was the entry to the white waiting-room, where intestate was, and on the night in question there was no light on the platform or in the station grounds, the only light spoken of in the testimony being a small lamp in the ticket office; that about the time the train approached, the intestate and others went out of the waiting-room for white people and, as they endeavored to go along the platform to the steps, intestate fell to the ground and was seriously hurt; that he suffered much and there is testimony permitting the inference that after lingering, he finally died from the effect of the injuries then received.

Upon this, the testimony as it now appears, we are of opinion that the plaintiff is entitled to have the cause submitted to the jury and that the judgment of nonsuit should be set aside.    The intestate, having gone upon the premises and being in the waiting-room of defendant company at or about the schedule time of the train and with intent to become a passenger thereon, is generally held to be or entitled to the rights of a passenger, and it is well understood that common carriers are held to a "high degree of care in providing, at their passenger stations, places and conditions by which passengers may board and alight from their trains in safety."    *Roberts v. R. R.,* 155 N. C., 79; *Smith v. R. R.,* 147 N. C., 448; *Mangum v. R. R.,* 145 N. C., 153; Hutchison on Carriers (3 Ed.), secs. 1005 and 1006; Fetter on Carriers of Passengers, p. 592.

That the duty of the company, in respect to keeping safe station premises, exists, and extends not only to passengers, but "to all who rightfully come upon its premises in pursuance of the invitation which it holds out to the public, and embraces all who come there on legitimate business to be transacted with its agent" (*Pineus v. R. R.,* 140 N. C., 450), and that, on the facts as they are now presented, the obligation, in this instance, to have the premises properly lighted, comes clearly within the principle. *Beard v. R. R.,* 143 N. C., pp. 136-144; *Ruffin v. R. R.,* 142 N. C., 120; *Grimes v. Pa. Co.,* 36 Fed., 72; Hutchison on Carriers (3 Ed.), sec. 936.

In *Grimes v. R. R., supra,* it was held to be "the duty of a railroad

company to properly light the platform connected with its depot within a reasonable time before the arrival and departure of its trains, so as to insure the safety of persons coming to the depot as passengers," and, in *Beard's case, supra, Connor, J.,* delivering the opinion, said: "There was no negligence in the construction of the steps, but it was the duty of the defendant to have and maintain sufficient light along the platform and near the steps or to have a railing so that their employees could use them with reasonable safety. *This* was a *positive duty,* the failure to perform which makes the *defendant liable,* unless the danger in using them was so manifest and obvious that no prudent man would do so in the absence of lights." And these and other authorities are to the effect that, on the same or similar facts to the case before us, the question of contributory negligence is for the jury. Thus, *Connor, J.,* pursuing the subject, in *Beard's case, supra,* and in reference to the conduct of plaintiff (in that case an employee of the company), said further: "It cannot, we think, be said that, using his senses, members, and knowledge of surrounding conditions as described by plaintiff, he was manifestly regardless of safety. Common observation teaches us that many persons, clearly within the pale of ordinary prudence, feel their way along steps in the dark. We can hardly think that, by doing so they can be said to be clearly and obviously negligent." And Fetter on Carriers of Passengers, p. 344, says: "A passenger is not, as a matter of law, guilty of contributory negligence in walking along an unlighted platform to see if there is another coach at the rear end of a train he is about to board," citing, among other cases, *Breulman v. R. R.,* 32 Minn., 390, in same section, *Ala. Gr. So. R. R. v. Arnold,* 84 Ala., 159.

There was nothing to show that intestate was not observant of the care required under conditions provided for him, and the case in this respect is not unlike that of *Darden v. Plymouth,* 166 N. C., 492.

While there are facts in evidence which tend to show that the injuries received on this occasion did not cause intestate's death, there is testimony also, as stated, which permits the inference that these injuries were the cause of such death or contributed to it in a way to render defendant liable. *Penn v. Ins. Co.,* 160 N. C., 399; *Meekins v. R. R.,* 134 N. C., 217. It may be well to note that in *Penn's case* the existence of an additional cause contributing to plaintiff's injury was held to defeat a recovery, but that was by reason of the express stipulation in the policy that the company "should be liable for injuries attributable directly, and *independently* of all other causes, to external, accidental, and violent means."

There were exceptions by plaintiffs, also, to the rulings of the court below on questions of evidence, but as these are not necessarily deter-

minative and may not arise on another trial or be presented in the same manner, it is considered best not to refer to them more directly.

There was error in the judgment of nonsuit, and this will be certified, that the same may be set aside and a new trial had.

Reversed.