(117 So. 17)

SOUTHERN CEMENT CO. v. WALTHALL.
(6 Div. 20.)

Supreme Court of Alabama. May 17, 1928.

Rehearing Denied June 7, 1928.

1. **Master and servant** &#8709;405(4)—**Evidence held to support finding that blows on head received during employment proximately caused fatal hemorrhage about two months afterwards (Workmen's Compensation Act).**

In proceedings for compensation under Workmen's Compensation Act (Code 1923, §§ 7534–7597), evidence *held* to support trial court's findings that blow or blows received on head during employment by workman who had arteriosclerosis proximately caused fatal cerebral hemorrhage which resulted two months afterwards.

2. **Master and servant** &#8709;376(2)—**Injury acting on prior diseased condition which materially hastens death of injured person from disease is "proximate cause" of death.**

Where injury acting on prior diseased condition materially hastens death of injured person from that disease, injury is regarded as being in legal sense "proximate cause" of death.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Proximate Cause.]

3. **Master and servant** &#8709;386(1)—**Statute providing employer shall be liable only for "disability" resulting from accident had infirmity not existed held inapplicable to compensation for death (Code 1923, § 7561).**

Where workman was found to have died as result of injury arising out of and in course of his employment, coupled with arteriosclerosis, Code 1923, § 7561, providing employer shall be liable only for "disability" that would have resulted from accident if earlier injury or infirmity had not existed *held* inapplicable.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Disability.]

**4. Master and servant ⬅401—Employer making payments, but failing to plead same in answer, held not entitled to have same allowed as advance payment on compensation due (Code 1923, §§ 7578, 7550).**

Where employer had made payments to dependents prior and subsequent to death of employee, but did not set such payments out in answer, as required by Code 1923, § 7578, *held*, that he was not entitled to have same considered as advance payment on account of compensation due, under section 7550.

Certiorari to Circuit Court, Jefferson County; Joe C. Hail, Judge.

Proceeding under the Workmen's Compensation Act by Mary Walthall, as administratrix of the estate of Raymond E. Walthall, deceased, to recover compensation on account of injury and death of the deceased employee. Judgment awarding compensation, and the employer brings certiorari. Writ denied; affirmed.

Statement by Somerville, J.:

Plaintiff's husband, 58 years of age, was an employee of defendant company, and while performing the duties of his employment, on June 14, 1926, he was injured by a blow on the head from a large beam of timber which fell on him.

After his injury the decedent lay off of work for several days, and then went back to work for two weeks. He then quit work entirely and about August 21, 1926, he suffered a stroke of apoplexy with paralysis of the left side, from which he died on August 31, 1926.

Besides the general issue, defendant pleaded:

"That the deceased did not sustain personal injuries while acting within the line and scope of his employment by defendant which caused his alleged death; that the death of deceased was caused by a disease, which disease did not result proximately from the accident referred to in the complaint."

The trial court found that the injury to decedent's head "produced, as a proximate consequence thereof, a cerebral hemorrhage, bringing about the paralysis and final death," and, further:

"That at the time of his death deceased was suffering from arteriosclerosis, commonly called hardening of the arteries; but the court further finds that the death of said, * * * deceased, resulted as a proximate consequence of the accident on June 14, 1926, solely and independently of said arteriosclerosis."

The court found, also, that plaintiff has not been paid anything on account of said decedent's death as compensation therefor, except that defendant paid her an amount in excess of $100 for application to funeral and burial expenses, and that $30 was paid to decedent prior to his death as for two weeks of temporary total disability.

The judgment rendered was for $142.50 for total disability before death, for $810 accrued to plaintiff up to date of the judgment, and additional compensation to her at $15 per week for 234½ weeks.

The evidence showed without dispute that the defendant employer paid his regular weekly wages of $46.80 to the workman weekly during his life, and to the widow after his death, not as compensation—liability being denied—but because the workman had long been "a loyal and faithful employee."

London, Yancey & Brower and Frank Bainbridge, all of Birmingham, for appellant.

In an action under the Workmen's Compensation Act, if it appears from the evidence that the degree or duration of disability resulting from an accident is increased or prolonged because of a pre-existing injury or infirmity, the employer is liable only for the disability that would have resulted from the accident had the earlier injury or infirmity not existed. Code 1923, §§ 7561, 7596; Robinson-Pettet Co. v. Workmen's Comp. Bd., 201 Ky. 719, 258 S. W. 318; B. F. Avery & Sons v. Carter, 205 Ky. 548, 266 S. W. 50; Employees L. A. Corp. v. Gardner, 204 Ky. 216, 263 S. W. 743; Kingston-Pocahontas Coal Co. v. Maynard, 209 Ky. 431, 273 S. W. 34. All moneys voluntarily paid by the employer to an injured employee in advance of agreement or award are to be treated as advance payments on account of the compensation due. Code 1923, § 7550.

Harsh & Harsh, of Birmingham, for appellee.

The burden was on defendant to plead and prove facts entitling it to reduction of compensation on account of pre-existing injury and credits. Code 1923, § 7578; Kirby v. Baker, 213 Ala. 12, 104 So. 128. Section 7561 has no application to a case in which the moving proximate cause of the disability or death was the accident, notwithstanding experts may claim that a pre-existing disease contributed to cause (as distinguished from increasing or prolonging) the disability or death. New River Coal Co. v. Files, 215 Ala. 64, 109 So. 360; 1 Schneider, W. C. 446; Cox v. Southern Col. R. Co., 5 Col. Ind. Acc. Comm. 10; La Veck v. Parke-Davis Co., 190 Mich. 604, 157 N. W. 72, L. R. A. 1916D, 1277; U. S. Cas. Co. v. Matthews, 35 Ga. App. 526, 133 S. E. 875; N. Y. Poultry Co. v. Schwartz (N. J. Sup.) 135 A. 775. Said section in reference to pre-existing injury or infirmity does not apply to death compensation allowances. Rosenberry v. F. & C. Co., 14 Ind. App. 625, 43 N. E. 317; Burnett v. Ry. Off. & Emp. 107 Tenn. 185, 64 S. W. 18; Hall v. Am. Emp. Liabl. Co., 96 Ga. 413, 23 S. E. 310.

---

The trial court is not bound by the conclusions of expert witnesses. Robinson v. Crotwell, 175 Ala. 194, 57 So. 23; Blalack v. Blacksher, 11 Ala. App. 545, 66 So. 863; Miami Coal Co. v. Luce, 76 Ind. App. 245, 131 N. E. 824.

SOMERVILLE, J. The contentions of appellant—defendant below—are (1) that the evidence shows that the deceased workman died of paralysis, the result of apoplexy, and that his death did not result from "an accident arising out of and in the course of his employment"; (2) that, in any case, under section 7561 of the Code, defendant is liable only for the disability that would have resulted from the accident, had the workman's earlier infirmity—arteriosclerosis—not existed; (3) that, under the last clause of section 7550 of the Code, defendant was entitled to a credit of $1,310.40, on account of regular wages paid to the workman after his injury, and to his widow after his death, as though he were still at work, up to January 1, 1927; and (4) that defendant was entitled to some credit on account of $250 paid by it to the widow to be applied on the funeral expenses of the workman.

[1] 1. While the testimony of the two physicians examined on behalf of defendant tends strongly to the conclusion that the deceased workman's death was due to a long-standing and far-advanced condition of arteriosclerosis, which culminated naturally and inevitably in a fatal cerebral hemorrhage, yet there was other testimony which, we think, supports the trial court's finding that the blow or blows on the workman's head proximately caused the fatal hemorrhage about two months afterwards.

One of the physicians, Dr. R. D. Johns, stated on cross-examination:

"A man that has a severe blow and has that condition, you couldn't absolutely eliminate a blow for being responsible for a deferred brain hemorrhage. * * * A blow in his case had to be indirect. All I can see is that it might be a contributing cause. I wouldn't say it was not a contributing cause, and I didn't mean to say that the blow he received was not a contributing cause. * * * I rather think he would have lived longer if he had not gotten the blow. * * * It might be a contributing cause and be deferred for some time."

Dr. P. K. Tate, a witness for plaintiff, testified:

"In my best judgment, without any previous symptoms of high blood pressure, and with continuous symptoms in the head region of the injury, up to the time of the man's death, the blow was the cause, or a contributing cause, to the paralysis."

There was evidence tending to support the existence of the conditions thus predicated.

[2] Where an injury, acting upon a prior diseased condition, materially hastens the death of the injured person from that disease, the injury is regarded as being, in a legal sense, the proximate cause of death. L. & N. R. Co. v. Jones, 83 Ala. 376, 382, 3 So. 902; Peoria R. R. Term. Co. v. Industrial Board, 279 Ill. 352, 116 N. E. 651; MacDonald v. Met. St. R. Co., 219 Mo. 468, 118 S. W. 78, 16 Ann. Cas. 810, 814; Ensign v. Southern Pac. Co., 193 Cal. 311, 223 P. 953; Tullgren v. Amoskeag Mfg. Co. (N. H.) 133 A. 4, 46 A. L. R. 380; Freeman v. Merc. Mut. Acc. Ass'n, 156 Mass. 351, 30 N. E. 1013, 17 L. R. A. 753; Meekins v. Norfolk, etc., R. Co., 134 N. C. 217, 46 S. E. 493; Chicago, etc., R. Co. v. Groner, 51 Tex. Civ. App. 65, 111 S. W. 667; 17 C. J. 1206, § 56. See, also, 215 Ala. 64, 109 So. 360.

[3] 2. Section 7561 of the Code provides:

"If the degree or duration of disability resulting from an accident is increased or prolonged because of a pre-existing injury or infirmity, the employer shall be liable only for the disability that would have resulted from the accident had the earlier injury or infirmity not existed."

The apportionment of liability thus provided for is by the very terms of the statute referable to a state of *disability*, and not to a state of death. "Disability" and "death" are distinct conditions, so recognized throughout the Compensation Law, and death cannot be included in "disability" as here used.

As pointed out in 1 Schneider on Workman's Compensation, 446, there has been a conflict in the decisions of the several states as to whether liability should be limited in *disability* cases by such an apportionment: the limitation being denied by the courts of Michigan, New York, and Indiana. So far as we are advised, no court has held that this limitation is or should be applicable to death cases. No doubt, as observed by counsel for appellee, our Legislature took notice of the conflict of decisions elsewhere when it incorporated section 7561 in our law.

However, this court, in the recent case of U. S. C. I. P. & F. Co. v. Hartley et al., 116 So. 666,[1] has passed upon the very question, and has held that this statute is not applicable to death cases.

[4] 3. Section 7550 of the Code provides that:

"All moneys voluntarily paid by the employer or insurance carrier to an injured employé in advance of agreement or award shall be treated as advance payments on account of the compensation due."

Section 7578 of the Code provides:

"Within five days prior to the date fixed for the hearing of the controversy, the employer shall file a verified answer to the complaint setting up the facts which he relies on in defense thereof."

Under our general system of pleading, payment of an existing obligation, in whole or

---

[1] Ante, p. 462.

in part, is regarded as a matter of defense which must be specially pleaded. Pollak v. Winter, 166 Ala. 253, 51 So. 998, 52 So. 829, 53 So. 339, 139 Am. St. Rep. 33.

The petition in this case sets up the disability of the workman for several months prior to his death, and also the fact of his death and the dependency of the widow and children. We see no escape from the conclusion that the defendant employer was bound to set up by answer or plea the fact and amount of his advance payments, both to the workman and to the widow after his death, in order to have the benefit of them under section 7550. Like other matters of defense such payments must be brought clearly to the attention of the trial court, as well as of the plaintiff, in the manner prescribed by the statute. Here no such claim was made, and, notwithstanding the hardship of the result, the trial court cannot be put in error for disregarding the payments.

With respect to the payment of $250 to the widow "to help with funeral expenses": While defendant was liable for only $100 on that account, the excess over $100 could not properly be applied as a credit on the compensation awarded. The discharge of liability for funeral expenses, as allowed by the court, is all that can be claimed.

No error being apparent, the writ of certiorari will be denied, and the judgment of the circuit court will be affirmed.

Writ denied. Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.

