WRIGHT, Presiding Judge,
dissenting.
I must respectfully dissent from the opinion of the majority affirming the judgment of the trial court that claimant suffered only a ten percent permanent partial disability to earn and that he was not entitled to any further medical benefits.
I recognize the proposition that it is the duty of the trial judge to determine the extent of a claimant’s loss of ability to earn in a case of permanent partial disability. The trial judge must consider all the evidence including his own observation. He is not bound by the opinion of experts. However, he is bound by the evidence, or the lack of it, in formulating his judgment. This court has said many times that we look only to determine if there is any legal evidence to support the judgment of the trial court. Albertville Nursing Home v. Upton, 383 So.2d 544 (Ala.Civ.App.1980). I believe the trial court improperly denied Lewis the medical benefits to which he is entitled. The evidence indicates that, prior to his heart attack, Lewis suffered from arteriosclerosis, a narrowing or blockage of the arteries possibly resulting from heredity, obesity and hypertension. This condition reduces the amount of blood and in turn the amount of oxygen reaching the heart muscle. The majority finds that, because the arteriosclerosis was present prior to the attack, and because no evidence indicates any connection between that condition and Lewis' occupation, it is a noncom-pensable pre-existing condition. Thus, employer should not be required to pay the cost of catheterization to determine the degree of arterial blockage or the cost of surgery which expert testimony shows may be necessary to bypass the existing arterial blockage.
It is undisputed in the testimony of three treating physicians, one of them a heart specialist, that the strain of the job acting upon the existing physical condition of the employee, Lewis, precipitated his heart attack. The trial court found that the heart attack arose out of and in the course of his employment. It is further undisputed that Lewis continues to suffer chest pain which he had never experienced before the heart attack; that his physical activity is limited because of the early onset of severe pain or angina; that the pain does not come from the scar on the heart resulting from the attack, but the threshold at which the pain occurs is hastened by the preceding heart attack; that the scar on the heart exacerbates the pain. Thus it must be concluded from the evidence that the job acting upon the, at that time, benign condition of arteriosclerosis, precipitated the heart attack. The result, according to the undisputed evidence, is that Lewis is now ninety-two percent permanently physically disabled, with total loss of earning capacity. He can never again perform his job nor any work for which he has experience or qualification. It is nothing more than pure speculation to say that only ten percent of that disability is because of his heart attack or that he would be ninety percent disabled if he had never had a heart attack. I find no legal basis in the evidence for such finding.
The Workmen’s Compensation Act is remedial and is to be liberally construed to accomplish its beneficent purpose. All reasonable doubts presented by the evidence, or lack of it, should be resolved in favor of the employee. Tiger Motor Co. v. Winslett, 278 Ala. 108, 176 So.2d 39 (1965); Orkin Exterminating Co. v. Williams, 389 So.2d 935 (Ala.Civ.App.1980). Our case law spoke to the facts of the present case when it was held that preexisting conditions and diseases do not affect an award of compensation if the job-related injury combined with the pre-existing condition to produce death or disability. Allen v. Metro Contract Services, Inc., 421 So.2d 1289 (Ala.Civ.App.1982); Newman Brothers, Inc. v. McDowell, 354 So.2d 1138 (Ala.Civ. *598 App.1977), cert. denied, 354 So.2d 1142 (Ala.1978).
The finding of the trial court of only a ten percent permanent partial disability after a heart attack could have been determined only by application of an apportionment because of a pre-existing infirmity— in this case the presence of arteriosclerosis. Though it has not been raised in either brief on appeal nor noted in the judgment, nor by the opinion of the majority here, § 25-5-58 of the Code provides for apportionment as follows: “If the degree or duration of disability resulting from an accident is increased or prolonged because of a preexisting injury or infirmity, the employer shall be liable only for the disability that would have resulted from the accident had the earlier injury or infirmity not existed.”
Section 25-5-58 has been in our Code since enacted in 1919. 1919 Ala.Acts 245 at 206. It was held in the case of Southern Cement Co. v. Walthall, 217 Ala. 645, 117 So. 17 (1928), not to apply to injuries resulting in death. The court in that case said:
“Where an injury, acting upon a prior diseased condition, materially hastens the death of the injured person from that disease, the injury is regarded in a legal sense, the proximate cause of death.... The apportionment of liability then provided for is by the very term of the statute referable to a state of disability and not to a state of death.”
Clearly, if it were not for the statute, the principle stated in the case would be applicable to “disability.”
However, the statute has been liberally applied to disability cases. After stating the fundamental principle that the employer takes the employee subject to his physical condition when he enters his employment, our supreme court said in the case of Ingalls Shipbuilding Corporation v. Cahela, 251 Ala. 163, 173, 36 So.2d 513, 521 (1948):
“We think the term ... infirmity in Sec. 288, supra, refer[s] to a condition which affects his ability to work as a normal man at the time of and prior to the accident, or which would probably so affect him within the compensable period.”
The court, citing Ingalls, again said in Kroger Co. v. Millsap, 280 Ala. 531, 537, 196 So.2d 380, 386 (1967):
“According to substantial evidence of plaintiff, the congenital defect in her back did not demonstrate itself prior to her injury on March 9, 1962. According to medical evidence, ... this defect might not have demonstrated itself during a compensable period except for the alleged injury.”
I discern from the enunciations of these cited cases that we correctly stated the proposition in our case of Thompson and Co. v. Cole, 391 So.2d 1042, 1045 (Ala.Civ. App.1980), when we said: “The key words in these two code sections are ‘disability’ and ‘infirmity.’ These terms refer to a condition which affects the ability to work as a normal man at the time of and prior to the accident.”
The evidence in this case is clear that Lewis had been working on the day of his attack as usual, performing the heavy manual labor of lifting sacks of cement, mixing them with sand and transporting the mixture by wheelbarrow where needed on the job. He had never before experienced any of the symptoms of arteriosclerosis nor had it affected his ability to work. Whether or when the latent disease would have manifested itself without the injury does not appear in the evidence. It appears from the testimony of the heart specialist that the procedure of catheterization of the heart, denied by the trial court, would be necessary to accurately determine the state of the disease or to predict when it might have otherwise become disabling without the heart attack.
It is my opinion that there is a lack of evidence to support an apportionment of the disability of Lewis and to deny him the medical expenses necessary to diminish his pain and restore him to employability so far as medically possible under the construction of the statute by the cases cited.
*599 I would at least reverse the judgment in its finding of a ten percent loss of ability to earn and remand for taking of testimony relating to apportionment under § 25-5-58. If the diagnostic procedure of heart cathet-erization is necessary, to determine the extent of disability referable to a pre-existing infirmity, it should be ordered.
I consider that finding one only ten percent disabled to earn after suffering a heart attack from his employment, especially one who cannot earn but by hard labor, is on its face unjust.