James H. Woodham, appellant, brought suit against Nationwide Life Insurance Co., and Max Bynum, Agent for Nationwide, appellees, alleging misrepresentation. Summary judgment was granted in favor of appellees. We reverse.
Appellant, who had previously been employed by Fontaine Trucking Company, was employed by Mr. Glen H. Jarvis, President of Pinson Truck and Equipment Company. Pinson Truck had a group hospitalization insurance policy with Nationwide. Appellant claims that he was told by Bynum and Nationwide that he and his dependents were covered under a group policy with Nationwide and as a result he failed to continue his coverage with Blue Cross-Blue Shield which had been extended to him by his former employer.
On or about June 28, 1973, appellant's wife called him at work and told him their baby girl had to be admitted to the hospital. The child had rheumatic fever. According to the deposition of the appellant, the following transpired:
 "Q. And now then, relate for me what happened there in the office after your wife had gone to admit the child to the hospital.
 "A. Mrs. Jarvis got the files out on the insurance and everything and she said, `Jimmy, I don't think that your insurance is into effect.'
 "She said, `You lack a couple of days on it.' Which would have been Sunday. That was on a Friday night. Best I recall it was Friday evening and it went into effect that Sunday.
"She said, `I don't believe it is.'
 "She said, `We'll call Max [Bynum, agent for Nationwide Life Insurance Co.] out here and make sure about the thing, you know.'
 "So she called Max out there and he was out there within thirty minutes, I reckon, and he went over everything and he said, `Yes.'
"Q. Were you still there?
 "A. I was still in the office. All of us was in there.
"Q. All right. Go ahead.
 "A. He says, `Yes, it will cover it.' And while I was in the office the admitting nurse at the hospital called the shop there to find out what coverage was, you know, what it would cover. And she herself talked to Max about it on the telephone and he told her to admit the baby, that it would cover it. Because at the time, why I said it didn't matter to me, I had quit Fontaine Trucking Company and I had a Blue Cross and I knew I still had a grace period on that. And I said, `Well if it ain't no good,' I said, `turn my Blue Shield-Cross in.'
"And Max said, `No.'" (Emphasis added.)
According to appellant's depostion, Bynum also called the Nationwide office in Atlanta to confirm his conclusion that appellant was covered. The answer from Atlanta was in the affirmative.
Nationwide later determined that the policy did not become effective until July 1, 1973, and, moreover, that any eligible member had to be in good health at the time the policy became effective before the member would be covered.
On motion for summary judgment, the burden rests on the movant to show there was no genuine issue respecting any material fact. Rule 56, Alabama Rules of Civil Procedure. Nationwide contends that as to it, the summary judgment was correct because no genuine issue of material fact exists regarding reliance on the misrepresentation or damages. Bynum admits there is a question of reliance, but also contends no issue of fact exists as to damages. Both reliance and damages are elements to be proven in an action for misrepresentation. Tit. 7, § 108, Code of Alabama 1940, Recompiled 1958; DavisBluff Land *Page 1112 Timber Co. v. Cooper, 223 Ala. 137, 134 So. 639 (1931);Maring-Crawford Motor Co. v. Smith, 285 Ala. 477, 233 So.2d 484
(1970).
Nationwide's motion for summary judgment, filed March 27, 1975, was supported by excerpts from the depositions of the appellant including the above quotation, the appellant's wife, and the appellant's employer, Mr. Glen H. Jarvis, together with the appellant's application for insurance and a letter dated October 24, 1973, from the manager for Nationwide to Pinson Truck and Equipment Company, employer of appellant, telling the company that the appellant's daughter was not covered. Appellant responded by submitting additional excerpts from his deposition. The trial court indicated in its order that it had considered the entire depositions.
After the trial court granted Nationwide's motion (June 2, 1975), the appellant, on a motion to reconsider, submitted his own affidavit and a letter from Mr. Pervy W. Matthews, manager for Blue Cross-Blue Shield, indicating that the appellant had 30 days from July 13, 1973, in which to reinstate his Blue Cross-Blue Shield coverage.
Bynum was added as a party defendant on December 27, 1974, but was not served until July 24, 1975. Bynum filed his motion for summary judgment July 30, 1976, supported by the same material used by Nationwide in its motion. Appellant responded with the same material he had previously admitted, together with an affidavit of Pervy W. Matthews.
Nationwide argues that with regard to its motion the trial court was not required to consider the material that appellant submitted on his motion for rehearing citing, inter alia,Southern Rambler Sales, Inc. v. American Motors Corp.,375 F.2d 932 (5 Cir. 1967), and that without that additional material, appellant showed neither reliance nor damages.
We believe the above quoted part of the appellant's deposition shows reliance. The appellant alleges there that he would reinstate his Blue Cross-Blue Shield policy if his insurance with Nationwide did not cover his daughter.
Nationwide notes that appellant admits he would have put his daughter in the hospital regardless of the insurance coverage. While that is true, appellant's reliance on Bynum's representation relates to whether or not he would reinstate his Blue Cross-Blue Shield policy, not to whether he would place his daughter in the hospital.
As to damages, Nationwide contends that the appellant failed to show that his Blue Cross-Blue Shield policy would have covered his daughter. In Old Southern Life Insurance Co. v.McConnell, 52 Ala. App. 589, 296 So.2d 183 (1974), which Nationwide and Bynum contend is controlling, the Court of Civil Appeals reversed a "verdict and judgment" because the plaintiff failed to prove that the representation by the insurance agent that the plaintiff was covered caused any damage. The plaintiff did not show he could have obtained coverage elsewhere.
At trial, appellant will have to prove that his daughter would have been covered by the Blue Cross-Blue Shield policy had he reinstated it. However, on summary judgment the question is not whether the appellant has proved damages, but only whether he had presented a scintilla of evidence that a question of fact exists as to damages. Rule 56, ARCP (see comments to rule). The appeal in Old Southern Life InsuranceCo., supra, was from a "verdict and judgment," not a summary judgment.
We again quote from appellant's deposition:
 ". . . Because at the time, why I said it didn't matter to me, I had quit Fontaine Trucking Company and I had a Blue Cross and I knew I still had a grace period on that. And I said, `Well, if it ain't no good,' I said, `turn my Blue Shield-Blue Cross in.'
"And Max said, No.'"
What has been said with regard to Nationwide also applies to Bynum.
The judgments are therefore reversed and the cause is remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and BLOODWORTH, JONES and EMBRY, JJ., concur. *Page 1113