This is a workmen's compensation case involving a heart attack suffered by the employee
A portion of the trial court's findings as recited in its final judgment were as follows:
 2. That on said date, while acting in the line and scope of his employment, Plaintiff suffered an accident which arose out of and in the course of said employment with Defendant, namely, a [myocardial] infarction or heart attack. That on the day of said accident the Plaintiff was engaged in the emptying, carrying, loading, unloading and otherwise collecting of garbage while employed by the City of Muscle Shoals, Alabama. Plaintiff's job involved locating garbage at residences in the City of Muscle Shoals, Alabama, emptying the residential garbage into a larger basket capable of holding several cans of garbage, then dragging the larger basket to the garbage truck and lifting it and emptying it into the truck. That at certain times Plaintiff had assistance in lifting and emptying the larger basket of garbage into the garbage truck and at times he had no assistance. That on the day of the accident, the weather was hot with the temperature in excess of eighty-five degrees (85°) F. That on the day of the accident the City had increased the number of houses served on the garbage route on which Plaintiff was working in an effort to redefine the garbage routes in the City due to new equipment
 3. That Plaintiff's accident, namely, his heart attack, was caused by Plaintiff's exertion in emptying, carrying, loading, unloading and otherwise collecting garbage while employed by the City of Muscle Shoals, Alabama
. . . *Page 921 
 6. That the Plaintiff has limited education having completed the eighth (8th) grade. And that based on Plaintiff's education, training and experience, Plaintiff is unsuited for work other than manual labor
CONCLUSION
 Based on the foregoing findings of fact, the Court, therefore, concludes that for and on account of Plaintiff's injury and resulting disability, Plaintiff became totally and permanently disabled from obtaining gainful employment on date of the accident suffered by him and Plaintiff is entitled to receive benefits for permanent total disability as set forth in the Workmen's Compensation Laws of the State of Alabama
In workmen's compensation cases, our review is limited to a determination of whether there is any legal evidence supportive of the finding of fact by the trial court and if the correct law was applied to the facts. City of Tuscaloosa v. Howard,55 Ala. App. 701, 318 So.2d 729 (1975). In that case, the problem of causation in heart attack cases was detailed, and it was emphasized that causation has two distinct parts, legal causation and medical causation, with tests or definitions of both being refined. The basic premise set forth in Howard was stated briefly and simply in Newman Brothers, Inc. v. McDowell, Ala.Civ.App., 354 So.2d 1138 (1977), cert. denied, Ala.,354 So.2d 1142 (1978), as follows:
 (1) If in the performance of his job he has to exert or strain himself or is exposed to conditions of risk or hazard and he would not have strained or exerted himself or been exposed to such conditions had he not been performing his job and (2) the exertion or strain or the exposure to the conditions was in fact, a contributing cause to his injury or death, the test whether the job caused the injury or death is satisfied. [Numbers and parentheses added.]
Parenthesis 1 therein states the test for the legal portion of causation and parenthesis 2 the medical part
 LEGAL CAUSATION
In the present case, as to the legal aspect of causation, we have reviewed the entire record and find it unnecessary to reiterate the evidence, for it is clear that the learned trial court fairly found the facts pertaining to that aspect and that such facts are sustained by proper evidence. Those facts established legal causation for "It is no answer to contend that he had been doing similar work under similar conditions for many years and the exertion was not unusual, or that he had heart disease. Unusual strain or exertion not ordinary to the job is not required to be shown." Newman Brothers, Inc. vMcDowell, supra at 1141; Reynolds Metals Co. v. Gray, 278 Ala. 309, 178 So.2d 87 (1965). We find no fault with the trial court's findings regarding legal causation
 MEDICAL CAUSATION
Mr. Davis's personal physician and a cardiologist, who also treated him, both testified. Portions of their depositions tend to buoy the arguments of the parties either for or against medical causation. However, we are concerned with whether there was any legal evidence which upholds the trial court's judgment in that regard
On June 19, 1978, during very hot weather, the garbage crew worked continuously without any break from 7:00 a.m. until 11:30 a.m., when they took thirty minutes off for lunch Between 12:30 p.m. and 1:00 p.m., the plaintiff, while pulling his basket of garbage, complained of chest pains to a fellow employee. That co-worker finished the plaintiff's immediate work in collecting garbage from houses in that locality, and, when he returned to the garbage truck, Mr. Davis was down on his knees. The plaintiff informed the truck driver of the hurting in his chest, and, after momentarily resting in the cab of the truck, he asked to be carried to the car barn because of the severity of the pain. The truck driver testified that Davis was a little lighter in color than usual and took him to the car barn, where he rested on the back seat of his automobile *Page 922 
for a brief time, when his departmental supervisor arrived. The superintendent described him as being pale, complaining of chest pains and with having most large balls of sweat upon his face. The plaintiff was immediately taken to a local hospital where he was admitted and promptly treated by his family physician, who diagnosed the plaintiff's problem as being an acute myocardial infarction, commonly called a heart attack. He was transferred to a Birmingham hospital three days later, where he was treated by a cardiologist and released from the hospital after several days. Mr. Davis suffered another heart attack on July 14, 1978, and his Birmingham heart specialist later implanted in him a permanent pacemaker
The plaintiff testified that he had never had any chest pains until June 19, 1978. At that time he was only twenty-two years of age. It is most unusual for a person that young to suffer a heart attack
His personal physician testified that the plaintiff probably had preexisting conditions, that persons with such conditions are more likely to experience heart attack after exertion than a person without such conditions, that heart conditions are aggravated by extremely heavy exercise, but that he could not testify one way or another with any degree of medical certainty that the plaintiff's job did or did not cause his heart attack
Mr. Davis's cardiologist deposed that the plaintiff had a heart disease known as arteriosclerosis, which is the hardening of the arteries, that "when the stage is set" by such heart disease, it is conceivable that the plaintiff's exertion could have brought on his heart attack; and that the hardening of his arteries combined with the heavy manual labor required by his job, exposed him to more risk of heart attack than existed as to persons doing less physically strenuous work. His testimony was that the plaintiff suffered a complete occlusion of the anterior descending coronary artery, and that "the final closing of that artery was a sudden and final event that brought this boy to the doctor and resulted in . . . his . . heart attack." He stated that people with hardening of the coronary arteries can aggravate their problem through heavy physical work, and that it is a medical possibility that his heavy labor contributed to the plaintiff's heart attack. "[I]f sufficient disease is there to get one in trouble, exercise could make it worse."
In summarizing the above evidence, we do not intend to convey the impression that evidence did not exist which favored the position taken by most competent counsel for the City. However, the evidence is adequate to prove medical causation, i.e. that the plaintiff's exertion was, in fact, a contributing cause to his injury. Reynolds Metals Co. v. Gray, supra; Big "B"Discount Drugs, Inc. v. Parker, Ala.Civ.App., 401 So.2d 115
(1981)
Since the evidence supports the trial court's findings of fact as to both legal and medical causation, the test of whether the job caused the injury is satisfied
 EXTENT OF DISABILITY
Again we search and refer to the tendencies of the evidence to ascertain if it supports the trial court's holding that Mr Davis was permanently and totally disabled
The plaintiff finished the eighth grade. His employment record consisted only of jobs which required hard manual labor in carrying brick, in mounting heaters in a stove foundry and, lastly, in pulling garbage for the City of Muscle Shoals. There was medical evidence that he could resume work if it did not require heavy physical labor, but a problem therein exists because of the plaintiff's "limited mental acuity."
The cardiologist also testified that the plaintiff was disabled to work in his former job. While he could no longer perform heavy labor, he could work at a desk job or at other employment requiring less physical effort. He is disabled to perform a job requiring any level of physical exertion. It requires very little activity in excess of simple walking to occasion shortness of breath or fatigue in Mr. Davis. The plaintiff is restricted since very little activity on *Page 923 
his behalf causes symptoms of heart failure. That physician further gave his opinion that Mr. Davis was approximately seventy-five percent disabled, that he will never improve and that his life span has been shortened because of his present heart condition
Total disability does not mean absolute helplessness or entire physical disability, but it is the inability to perform the work of one's trade (manual labor in this case) or inability to obtain reasonably gainful employment. CarrollConstruction Co. v. Hutcheson, Ala.Civ.App., 347 So.2d 527
(1977). With the plaintiff being restricted in physical activity to little more than simple walking, with his lack of education or training, with his job history and limited mental acuity, with his already having suffered two heart attacks and being dependent upon a permanent pacemaker, and with his injury undoubtedly having a profound adverse effect upon his earning ability, we do not disturb the holding of the trial court that the plaintiff was totally and permanently disabled, for lawful evidence upheld that adjudication
We affirm
The foregoing opinion was prepared by retired circuit judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court
AFFIRMED
All the Judges concur