ADAMS, Justice.
This is an appeal from a summary judgment in favor of Dr. A. Les Greer, a veterinarian, who, at the time of the filing of this action, was associated with Rehm Animal Clinic, P.C. Nicholas A. Janovski and his wife boarded their two Akita dogs at the clinic over the Labor Day weekend, September 2 through 5, 1988, and allegedly left explicit instructions as to the feeding and care of the dogs. They contend that when they picked the dogs up from the clinic on September 5, they were in poor condition and that the lack of care they received while at the clinic resulted in the death of one of the dogs on September 12, 1988.
Janovski’s brief states that the dogs were left at the clinic for boarding and that the personnel there were given specific instructions with regard to their care. The dogs were to be given a special diet out of special bowls that the Janovskis provided, and, in addition, the dogs were to sleep on special blankets also provided by the Ja-novskis. One of the dogs was suffering from an eye infection and was to receive medication during its stay in the clinic. Janovski contends that when he and his wife returned from their trip, he called about picking up the dogs and was told *886 that they needed to be bathed prior to being picked up. However, Janovski states that the dogs were very dirty and smelled of feces and urine when he retrieved them and that both dogs were extremely thin. One of the dogs would not eat and appeared very sick, and, after bathing the dogs at home, Janovski flew the sick dog to the Auburn Small Animal Clinic, where it eventually died on September 12,1988. He argues that the care that the dogs received while at the clinic resulted in the death of one of the dogs and that, therefore, Dr. Greer and the clinic are guilty of breach of contract and negligence.
In response to Janovski’s allegations, Dr. Greer offered affidavits from experts tending to show that the dog that died was an elderly dog with a history of health problems, including renal dysfunction. He also offered evidence tending to show that the dog had had diarrhea and that stress-induced diarrhea is common when dogs are boarded. In addition, he presented evidence which showed that Janovski, who is a medical doctor, was treating the dog with medication without consulting a veterinarian and that a side effect in humans of one of the drugs he used is diarrhea.[1] Although it was determined that the dog ultimately died of cellulitis, none of the experts could state in their affidavits when that condition was contracted.
“The standard used to determine the propriety of granting a motion for summary judgment is found in A.R.Civ.P. 56(c):
“ ‘The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.’
“The burdens placed on a party by this rule have often been discussed by this Court:
“ ‘The burden is on one moving for summary judgment to demonstrate that no genuine issue of material fact is left for consideration by the jury. The burden does not shift to the opposing party to establish a genuine issue of material fact until the moving party has made a prima facie showing that there is no such issue of material fact. Woodham v. Nationwide Life Ins. Co., 349 So.2d 1110 (Ala.1977); Shades Ridge Holding Co. v. Cobbs, Allen & Hall Mortg. Co., 390 So.2d 601 (Ala.1980); Fulton v. Advertiser Co., 388 So.2d 533 (Ala.1980).’ “Schoen v. Gulledge, 481 So.2d 1094, 1096-97 (Ala.1985).”
Berner v. Caldwell, 543 So.2d 686, 687-88 (Ala.1989). In light of the affidavits and the evidence offered by Dr. Greer, we conclude that Dr. Greer did make a prima facie showing that he was not responsible for the death of Janovski’s dog.
“We first address the burden of proof on the party opposing summary judgment when the movant has sustained the burden of making a prima facie showing, by admissible evidence, that there is no genuine issue of material fact.
“The ‘scintilla rule’ was abolished on June 11, 1987, by section 2 of Act No. 87-184 of the Alabama Legislature [.Ala.Code 1975, § 12-21-12 (1987 Supp.) ], which was prior to the filing of this action.... That same act made ‘proof by substantial evidence’ the test when passing upon a motion for summary judgment. When the scintilla rule was in effect, it meant that when a party moving for summary judgment made a prima facie showing, on the basis of affidavits and other matters enumerated in Rule 56, Ala.R.Civ.P., that there was no genuine issue of material fact, then the burden shifted to the non-moving party to show that there was at least a scintilla of evidence in his favor. Hutchins v. State Farm Mut. Auto. Ins. Co., 436 So.2d 819, 825 (Ala.1983). The Act abolishing the scintilla rule does nothing to change the procedure for handling the burden of proof, so if the moving party makes a prima facie showing that no genuine issue of material fact exists, then the burden still shifts to the non- *887 movant; however, the burden is now greater than in the past, because the non-movant must show ‘substantial evidence’ in support of his position.”
Bass v. Southtrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). In opposition to the motion for summary judgment, Janovski offers nothing to dispute the findings of Dr. Greer’s experts. In fact, he simply argues that a layman would have no difficulty in determining that the treatment of the dogs by Dr. Greer and his staff caused the dog’s death. We disagree, and because we find that Janovski did not meet his burden of proof, we affirm the trial court’s judgment.
AFFIRMED.
HORNSBY, C.J., and ALMON, STEAGALL and INGRAM, JJ., concur.

. The side effects of this drug on animals are not known.