PER CURIAM.
The plaintiffs, J.R. McCord and Samuel Register, appeal from a summary judgment entered in favor of the defendant, Richard Ramsey III, in this legal malpractice case. We reverse and remand.
On July 10 and 11, 1989, Register and McCord, former co-employees of Westinghouse Electric Corporation, employed at the Farley Nuclear Plant near Dothan, Alabama, entered into written contingent fee contracts with Ramsey for his legal representation in their joint unlawful discharge action against Westinghouse. Ramsey accepted a $200 retainer fee from both McCord and Register at the time the parties entered into their respective contracts for Ramsey’s representation.
On July 13, 1989, McCord and Register were each issued a “Notice of Right to Sue” from the Equal Employment Opportunity Commission, pursuant to the Civil Rights Act of 1964, as a result of a hearing held by the Commission regarding their claims against Westinghouse. The notices expressly stated that the employees had to commence their suits against Westinghouse within 90 days of the issuance of the notices in order to avoid losing the right to sue. McCord and Register contend that Ramsey was in possession of the notices after they were issued on July 13, 1989.
McCord and Register claim that they unsuccessfully attempted to contact Ramsey by telephone on many occasions between July 13, 1989, the date the notices were issued, and July 22,1991, the date on which they allegedly presented themselves at Ramsey’s office to retrieve their files. Approximately two years had elapsed since Ramsey had entered into the contracts with McCord and Register to represent them. The 90-day period mentioned in the notices had elapsed on October 11, 1989. On September 10, 1991, McCord and Register filed this suit against Ramsey, alleging legal malpractice because of Ramsey’s allegedly negligent failure to file their suits.
Ramsey contends that his representation of McCord and Register was terminated on September 12, 1989, when, he says, he notified them by mail that he believed that a conflict of interest existed between McCord and Register. Ramsey’s belief that a conflict of interest existed arose from the fact that Westinghouse had offered to allow Register to return to work on probation, but had offered to allow McCord to return without probation. Ramsey’s letter suggested that McCord and Register each consult separate attorneys. The retainer fees *384 that McCord and Register had paid were not returned by Ramsey with this letter.
McCord and Register claim that neither of them received a letter from Ramsey notifying them that Ramsey was terminating his representation of them. They each contend that they continued their unsuccessful attempts to contact Ramsey by telephone after the date of Ramsey’s letter and that they had spoken with his secretary. An affidavit of Ramsey’s office manager states that the office had received no written correspondence or telephone calls from either McCord or Register during the period from August 1988 through July 1991. Ramsey claims that his office attempted to contact McCord and Register by telephone on several occasions before sending his September 12, 1989, letter terminating his representation.
On July 22, 1991, the date on which McCord and Register appeared in Ramsey’s office to inquire about their case and to retrieve their files, Ramsey furnished them with a letter, dated July 22, 1991, summarizing Ramsey’s initial representation and informing them that Ramsey had terminated his representation in September 1989. On that date, July 22, 1991, Ramsey returned the retainer fees that McCord and Register had previously paid.
Ramsey moved for a summary judgment, based on his own affidavits and an affidavit of his office manager. McCord and Register opposed the motion by offering their individual depositions. The trial court granted Ramsey’s motion for summary judgment.
Rule 56, A.R.Civ.P., sets forth a two-tiered standard for entering a summary judgment. The rule requires the trial court, in order to enter a summary judgment, to determine (1) that there is no genuine issue of material fact, and (2) that the moving party is entitled to a judgment as a matter of law. The burdens placed on the moving party by this rule have often been discussed by this Court:
“ ‘The burden is on one moving for summary judgment to demonstrate that no genuine issue of material fact is left for consideration by the jury. The' burden does not shift to the opposing party to establish a genuine issue of material fact until the moving party has made a prima facie showing that there is no such issue of material fact. Woodham v. Nationwide Life Ins. Co., 349 So.2d 1110 (Ala.1977); Shades Ridge Holding Co. v. Cobbs, Allen & Hall Mortg. Co., 390 So.2d 601 (Ala.1980); Fulton v. Advertiser Co., 388 So.2d 533 (Ala.1980).’ ”
Berner v. Caldwell, 543 So.2d 686, 688 (Ala.1989) (quoting Schoen v. Gulledge, 481 So.2d 1094, 1096-97 (Ala.1985)).
The standard of review applicable to a summary judgment is the same as the standard for granting the motion, that is, we must determine whether there was a genuine issue of material fact and, if not, whether the movant was entitled to a judgment as a matter of law. Our review is further subject to the caveat that this Court must review the record in a light most favorable to the nonmovant and resolve all reasonable doubts against the movant. Wilson v. Brown, 496 So.2d 756, 758 (Ala.1986); Harrell v. Reynolds Metals Co., 495 So.2d 1381 (Ala.1986). See also Hanners v. Balfour Guthrie, Inc., 564 So.2d 412 (Ala.1990).
Because this action was not pending on June 11, 1987, Ala.Code 1975, § 12-21-12, mandates that McCord and Register meet their burden by “substantial evidence.” Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). Under the substantial evidence test the nonmovant must present “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). More simply stated, “[a]n issue is genuine if reasonable persons could disagree.” Schwarzer, Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact, 99 F.R.D. 465, 481 (1982).
The trial court erred in entering the summary judgment. Reviewing the record in a light most favorable to McCord and Register, as we are required to do, we must conclude that there exists a genuine issue *385 of material fact as to whether Ramsey’s termination of his representation was effectively communicated to McCord and Register and was, therefore, in accordance with the appropriate standard of care. We believe that the parties’ dispute regarding the continued existence and nature of their relationship is not appropriately resolved on a motion for summary judgment. Although Ramsey claims that his September 12, 1989, letter terminated his representation, McCord and Register contend that neither of them received this letter or any other communication giving them reason to believe that Ramsey was no longer representing them. Thus, there is a genuine issue of material fact as to whether Ramsey met the required standard of care, see Ala.Code 1975, § 6-5-580, in terminating his attorney-client relationship with McCord and Register.
For the foregoing reasons, the summary judgment in favor of Ramsey is reversed, and this cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and ADAMS, HOUSTON, KENNEDY and INGRAM, JJ., concur.