MADDOX, Justice.
■ The facts of this case are tragic. A second grader was killed when a gate located on school grounds swung in front of the van in which he was a passenger, pierced through the vehicle, and impaled the child. The question presented is whether one of the defendants, the assistant principal at the school, was entitled to a summary judgment on the grounds that there was no showing that any negligence on his part was responsible for the child’s death.
We affirm the judgment of the trial court, because we find that the father, alleging the wrongful death of his child, failed to present substantial evidence that the assistant principal was negligent.
The gate was used to secure an access road to the school. During school hours it was closed and locked in order to protect the school children from traffic. The gate consisted of a long pole, and in order to secure it from movement, the gate had to be locked when it was closed and also when it was open.
It is undisputed that on the date of the accident the gate was unlocked, but that at least five people who worked for the school had access to the keys that locked and unlocked the gate. There was evidence that the assistant principal of the school, Billy Oliver, usually locked it every morning after all the children arrived at school.
In support of his motion for summary judgment, Oliver submitted an affidavit stating that, on the day in question, he locked the gate around 8:00 a.m., after school began, and that at approximately 9:00 a.m. he unlocked it to let in a milk truck. After the milk truck made its delivery, Oliver said in his affidavit, he sent a student out to lock the gate and after locking the gate the student returned the key to Oliver. Oliver further stated that, at approximately 10:15 a.m., he checked the gate himself and found that it was indeed locked. According to his affidavit, he checked it again about 1:15 p.m. and found that it was still locked. He stated that he did not know who last used the gate.
After school was dismissed, Chalmus Bryan picked up Brandon Cason, the second-grade student. As Bryan’s van approached the gate, it swung in front of the van, pierced the van, entering by the front right headlight, impaling the child, and exiting through the left rear tire. The child was killed instantly. Bryan claimed that the accident occurred when the gate suddenly swung into the van and that it occurred without fault on his part.
The deceased’s father, Jerry Cason, sued Bryan, Oliver, and Burvil Skinner, the school’s janitor, one of those who had keys to the gate, alleging negligence and wantonness. Cason claimed that Bryan negligently or wantonly operated the vehicle carrying Brandon Cason and claimed that Oliver and Skinner negligently or wantonly failed to lock the gate into place.
Oliver moved for a summary judgment on the basis that Cason had failed to show that he was, in any way, responsible for the accident, and he filed an affidavit to support that motion. Cason responded by filing a brief in opposition to the motion, but filed no affidavits or depositions. After a hearing to discuss the motion for summary judgment, Oliver wrote the trial judge a letter in support for his motion for summary judgment, stating the following:
“The plaintiff never attempted to take depositions or even obtain affidavits to suggest that Mr. Oliver left the gate unlocked. The plaintiff furthermore did not move to continue the motion for summary judgment pending the completion of discovery. The plaintiff has not noticed any depositions and has not filed any additional interrogatories on this issue.”
The trial court granted Oliver’s motion for summary judgment and entered a Rule 54(b), Ala.R.Civ.P., order making the judgment final. The claims against Bryan and Skinner are still pending.
Rule 56, Ala.R.Civ.P., sets forth a two-tiered standard for entering a summary judgment. The rule requires the trial court to determine (1) that there is no genuine issue of material fact and (2) that the moving party is entitled to a judgment as a matter of law. The burdens placed on the *762 moving party by this rule have often been discussed by this Court:
“ ‘The burden is on one moving for summary judgment to demonstrate that no genuine issue of material fact is left for consideration by the jury. The burden does not shift to the opposing party to establish a genuine issue of material fact until the moving party has made a prima facie showing that there is no such issue of material fact. Woodham v. Nationwide Life Ins. Co., 349 So.2d 1110 (Ala.1977); Shades Ridge Holding Co. v. Cobbs, Allen & Hall Mortg. Co., 390 So.2d 601 (Ala.1980); Fulton v. Advertiser Co., 388 So.2d 533 (Ala.1980).’ ”
Berner v. Caldwell, 543 So.2d 686, 688 (Ala.1989) (quoting Schoen v. Gulledge, 481 So.2d 1094 (Ala.1985)).
Because this action was not pending on June 11, 1987, Ala.Code 1975, § 12-21-12 mandates that the nonmovant meet his burden by “substantial evidence.” Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). Under the substantial evidence test, the nonmovant must present “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). More simply stated, “[a]n issue is genuine if reasonable persons could disagree.” Schwarzer, Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact, 99 F.R.D. 465, 481 (1982).
In this case, the trial court entered the following order, which we set out in full:
“The Summary Judgment Motion of the defendant, William Oliver,[1] and all appropriate evidence presented, as well as the oral argument of Counsel, [have] now been considered. The Summary Judgment Motion is considered based on the matters submitted on October 17, 1991, the date on which the parties were required to submit all matters for consideration.
“It is true that the Court must view the evidence and all reasonable inferences [that] would be drawn from the evidence in a light most favorable to the non-moving party. All facts submitted must be admissible in evidence.
“The Plaintiff alleges that the Defendant Oliver unlocked the gate in question and left it in an unlocked position which caused or contributed to the damages complained of and Mr. Oliver clearly and unequivocally states that at a time prior to the accident he closed the gate properly and left it in a locked position. There is evidence that at least four other persons had a key to the gate in question and the inference is ... that any one of those four persons could have unlocked and opened the gate, or there was a possibility that the gate could have been broken open and left in an open position. The evidence before the Court on this Motion is that the Defendant did not leave the gate open at the time of the accident, nor did he cause the gate to be opened and left in the open position, only an inference to the contrary.
“The argument of the Plaintiff is that there is [a] reasonable inference that one of the five people left the gate unlocked and [he] states that the Defendant has not offered any testimony of the other four people to prove that one of them opened the gate. None of the other four persons are parties to this cause.
“Based on the evidence before the Court on this Motion, there is no direct evidence that Mr. Oliver did anything improper in this case. The only argument that Plaintiff has is that there is an inference that Oliver was not telling the truth in his Affidavit and that his credibility would be an issue before the jury. Plaintiff may investigate the facts of his case and if there is specific evidence that Defendant did a wrongful act, then such evidence should be presented to the Court. There must be substantial evi- *763 denee presented, either at the trial or on Summary Judgment Motion. The party moving for Summary Judgment has the burden to show that there is no genuine issue of material fact left in the case and all reasonable inferences from the facts must be viewed most favorably to the non-moving party; however, there must be substantial evidence supporting the non-moving party to make a jury question.
“The question presented at this time is whether the credibility of the witness Oliver is material and is there substantial evidence presented that this Defendant was negligent, or did some wrongful act, as alleged. We are concerned now with finding more than a scintilla. There does not appear to be substantial evidence that Mr. Oliver breached any duty that may have been imposed on him. Based upon the substantial evidence rule, this Court does not find that there is a material issue or dispute of fact in this case at this time; therefore, Summary Judgment should be and is granted in favor of the Defendant, William Oliver.”
We have reviewed the record, and applying the same rules of law the trial court applied, we conclude that the trial court properly entered summary judgment in favor of the defendant Oliver.
AFFIRMED.
SHORES, HOUSTON, STEAGALL.and INGRAM, JJ., concur.
ADAMS and KENNEDY, JJ., dissent.

. We note that this defendant was sued under the name of "William Oliver," and that the name was later changed to “Billy.”