ROBERTSON, Presiding Judge.
Mary C. Pendergrass, the wife of the deceased employee, Bryan K. Graves, filed suit against TTC Services and Sunmark Leasing Services (TTC) in Colbert County Circuit Court, claiming workmen’s compensation death benefits for herself and the dependent minor children of the deceased.
Following an ore tenus proceeding, the trial court found:
“(1) That on or about the 2nd day of August, 1991, Bryan K. Graves was employed by [TTC] and that said parties were subject to and operating under the Workmen’s Compensation Act of Alabama.
“(2) That on the above said date, [Graves] sustained an injury (heart attack) as a result of an accident arising out of and in the course of his employment with [TTC] and ultimately died on August 7, 1991.
“(3) That [TTC] had timely notice of the injury.
[[Image here]]
“(5) That in the performance of his job, [Graves] had to exert or strain himself or was exposed to conditions or risks of hazard, [that] he would not have strained or exerted himself or been exposed to such conditions had he not been performing his job, and [that] the exertion or strain or the exposure to the condition was, in fact, a contributing cause to his death.”
The trial court awarded Mrs. Pendergrass and the dependent children workmen’s compensation benefits accordingly.
TTC appeals, contending that the trial court erred in finding that Graves’s death resulted from an accident arising out of and in the course of his employment. TTC argues that Mrs. Pendergrass failed to meet the burden of proving legal causation and that she failed to meet her burden of proving medical causation.
We recognize that our review of the trial court’s judgment in a workmen’s compensation case requires a two-step process. “Initially, the reviewing court will look to see if there is any legal evidence to support the trial court’s findings. If such evidence is found, then the reviewing court determines whether any reasonable view of that evidence supports the trial court’s judgment.” Ex parte Eastwood Foods, Inc., 575 So.2d 91, 93 (Ala.1991).
The record reflects that Graves was a 29-year-old male employed by TTC as a “hopper” on a garbage truck. Charles Jackson, a co-worker of Graves, testified that this job required them to roll, and sometimes carry, garbage cans weighing up to 150 pounds. It was also necessary for them to run and catch up with the garbage truck on occasion.
Jackson further testified that on the day of the incident, Graves arrived at work around 6:00 a.m. Jackson testified that they were working pretty hard and fast and that sometime after 7:00 a.m., Graves- developed chest pains and nausea. The driver of the garbage truck drove Graves to the house of a friend employed by a rescue squad. The friend took Graves to a hospital in a rescue squad ambulance. He was admitted to the hospital and placed in the intensive care unit. He was released from the hospital on August 6, 1991, and died the following day. The official cause of death was listed as myocardial infarction.
*695 The record reflects that in 1990 Graves was diagnosed with hypertrophic cardiomyo-pathy, a genetically transmitted heart disease which makes the heart beat too fast, instead of not fast enough, causing an enlargement of the heart muscles. TTC contends that this disease was the proximate cause of Graves’s death, not his employment with TTC. Dr. Jerry Williams, one of Graves’s treating physicians, testified by deposition and described the problems of treating a person with this disease. When asked by TTC’s attorney if the physical exertion that Graves was doing on his job caused the hypertrophic cardiomyopathy, Dr. Williams testified that “[t]he work itself wouldn’t cause it, but it could make it worse.” Dr. Williams also testified that he wrote a note stating that Graves’s “condition was exacerbated by his excessive strain and exertion at work” but that he did this to help Graves get an easier job.
“It is well settled that workmen’s compensation is not limited to those in perfect health. If the employment aggravated, accelerated, or combined with a latent disease or infirmity to produce [death], the preexisting disability does not disqualify the claim under the ‘arising out of employment’ requirement of the statute.” Ex parte Lewis, 469 So.2d 599, 601 (Ala.1985) (citations omitted).
We find that there was sufficient legal evidence to support the trial court’s findings as to legal and medical causation, and we hold that a reasonable view of that evidence supports the trial court’s judgment. Therefore, the judgment awarding workmen’s compensation benefits to Graves’s wife and dependent children is due to be affirmed.
AFFIRMED.
THIGPEN and YATES, JJ., concur.