James William Kelley suffered a heart attack in his truck on the way to his work site at G.UB.MK Constructors (employer) on the morning of May 28, 1992. He was pronounced dead on arrival at the hospital. His wife, Patricia Kelley, later filed a complaint for death benefits under the Alabama Workers' Compensation Act. Following an ore *Page 455 
tenus proceeding, the trial court denied Mrs. Kelley's claim, stating, in pertinent part:
"APPLICABLE LAW
 "The Court finds, pursuant to Section 25-5-58, Code of Alabama 1975, that [Mr. Kelley] died as a direct result of his earlier progressive coronary disease, and also finds that said death would not have occurred but for said coronary disease. The Court therefore finds, pursuant to Section 25-5-31, Code of Alabama 1975, that the heart attack causing [Mr. Kelley]'s death did not arise out of nor in the course of [his] employment with the [employer]."
Mrs. Kelley appeals, contending that the trial court made incorrect conclusions of law, that the trial court made insufficient findings of fact upon which to base a denial of death benefits, that no reasonable view of the evidence presented at trial supports the findings of fact made by the trial court, and that the evidence presented at trial was insufficient to support a denial of death benefits.
We find Mrs. Kelley's first issue to be dispositive in this appeal.
Normally, our standard of review in worker's compensation cases is as set out in Ex parte Eastwood Foods, Inc.,575 So.2d 91 (Ala. 1991). It is apparent from the trial court's judgment that much emphasis was placed on § 25-5-58, Ala. Code 1975, in determining whether Mr. Kelley's employment was a contributing cause to his death; however, this section applies todisabilities resulting from work-related accidents, and it does not apply to deaths resulting from the deceased's employment.United States Cast Iron Pipe Foundry Co. v. Hartley, 217 Ala. 462,116 So. 666 (1928); Southern Cement Co. v. Walthall,217 Ala. 645, 117 So. 17 (1928). Thus, the trial court's application of § 25-5-58, Ala. Code 1975, in determining whether Mr. Kelley's employment was a contributing cause to his death was incorrect as a matter of law. Because the trial court misapplied the law to the facts in this case, the EastwoodFoods standard of review does not apply. Ex parte Cash,624 So.2d 576 (Ala. 1993).
This court recognizes that heart attacks may not always occur during the normal hours of employment, i.e., while the employee is "on the job." In heart attack cases, this court has held:
 "(1) If in the performance of his job [an employee] has to exert or strain himself or is exposed to conditions of risk or hazard and he would not have strained or exerted himself or been exposed to such conditions had he not been performing his job and (2) the exertion or strain or the exposure to the conditions was in fact, a contributing cause to his . . . death, the test whether the job caused the . . . death is satisfied."
City of Muscle Shoals v. Davis, 406 So.2d 919, 921
(Ala.Civ.App. 1981).
"It is well settled that work[er]'s compensation is not limited to those in perfect health. If the employment aggravated, accelerated, or combined with a latent disease or infirmity to produce [death by heart attack], the preexisting disability does not disqualify the claim [by the surviving spouse for death benefits] under the 'arising out of employment' requirement of the statute." Ex parte Lewis,469 So.2d 599, 601 (Ala. 1985) (citations omitted); see also TTCServices v. Pendergrass, 628 So.2d 693 (Ala.Civ.App. 1993).
Based on the foregoing, the judgment of the trial court is reversed and this cause is remanded for the trial court to make a determination as to whether Mr. Kelley's employment was a contributing cause to his death without applying § 25-5-58, Ala. Code 1975, and in accordance with the test of causation set out in City of Muscle Shoals, supra.
REVERSED AND REMANDED WITH INSTRUCTIONS.
YATES, J., concurs.
THIGPEN, J., concurs in the result. *Page 456