YATES, Judge.
On March 8, 1992, Jerry Morgan suffered a heart attack and died while -working an overtime shift at Reynolds Metals Company. His wife, Rowena Morgan, later filed a complaint against Reynolds Metals, seeking death benefits pursuant to the Alabama Workmen’s Compensation Act. After an ore tenus proceeding, the trial court entered an order, stating:
“The Court finds, pursuant to Section 25-5-58, Code of Alabama 1975, that [Mr. Morgan] died as a direct result of his earlier progressive coronary disease, and also finds that said death would not have occurred but for said disease. The Court therefore finds, pursuant to Section 25-5-81, Code of Alabama 1975, that the heart attack causing [Mr. Morgan’s] death did not arise out of nor in the course of [his] employment with [Reynolds Metals].”
Mrs. Morgan appeals, contending: (1) that the trial court erred in relying upon Ala.Code 1975, § 25-5-58, to deny benefits; and (2) that the evidence presented at trial did not support a denial of death benefits.
In workmen’s compensation cases, this court uses a two-step standard of review. Initially, this court must determine if there is any legal evidence to support the trial court’s findings; if it finds such evidence, then it must determine whether any reasonable view of that evidence supports the judgment of the trial court. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991). However, this standard of review is applicable to the trial court’s findings of fact — not to its conclusions of law. Ex parte Cash, 624 So.2d 576 (Ala. 1993).
It is undisputed that § 25-5-58 applies to disabilities resulting from work-related accidents; it does not apply to deaths resulting from a deceased’s employment. United States Cast Iron Pipe & Foundry Co. v. Hartley, 217 Ala. 462, 116 So. 666 (1928); Kelley v. G.UB.MK Constructors, Etc., 636 So.2d 454 (Ala.Civ.App.1994). Consequently, we conclude that the trial court misapplied the law to the facts in this case. Accordingly, the judgment of the trial court is reversed, and the cause is remanded for the trial court to make a determination in accordance with the test for causation set out in City of Muscle Shoals v. Davis, 406 So.2d 919 (Ala.Civ.App.), cert. denied, 406 So.2d 923 (Ala.1981).
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, J., concur.