YATES, Judge.
This is the second time that this case has been before us. On March 8, 1992, Jerry Morgan suffered a heart attack and died while working an overtime shift at Reynolds Metals Company.[1] His wife, Rowena Morgan, later sued Reynolds Metals, seeking death benefits pursuant to the Alabama Workmen’s Compensation Act. After a hearing, the trial court denied death benefits, relying on § 25-5-58, Ala.Code 1975. Mrs. Morgan appealed; this court reversed the judgment of the trial court and remanded the case for the trial court to make a determination in accordance with the test for causation set out in City of Muscle Shoals v. Davis, 406 So.2d 919 (Ala.Civ.App.), cert. denied, 406 So.2d 923 (Ala.1981). See Morgan v. Reynolds Metals Co., 640 So.2d 967 (Ala.Civ.App.1994).
On remand, the trial court determined that the evidence failed to establish the medical causation requirement set out in City of Muscle Shoals, finding:
“2. On the date of [his] death, [Morgan] had worked one regular eight-hour shift and was approximately five hours into an eight-hour overtime shift. [He] regularly worked such overtime shifts.
*1057 “3. On the date of [his] death [he] had been, some two hours prior to his death, inside a coil washer, helping another employee to repair the line and return said line to working order. Said line was operating and was fully repaired for at least one hour before [Morgan] died. Further, it is found by the Court that [Morgan] was not engaged in any physically demanding labor at the time of his death.
“4. It is undisputed that the cause of [Morgan’s] death was acute coronary artery insufficiency due to arteriosclerotic cardiovascular disease.
“5. The Court finds that the overwhelming medical evidence presented in the above styled cause showed [Morgan] had progressive coronary disease, to the extent that the left anterior descending artery, which was ultimately blocked during [his] heart attack, had a 90%-95% closure prior to said attack.... The Court further finds that sudden cardiac arrest in persons with the left anterior descending artery blockage, is not unusual ... The Court further finds that [Morgan] had high blood pressure and smoked cigarettes, both of which contribute to said heart disease.
“6. The Court finds that [Morgan’s] heart attack was caused by his progressive coronary artery disease, and not by his employment. The Court further finds that the exertion or strain or the exposure to the conditions of [his] employment was not a cause or a contributing cause to his heart attack and resulting death.”
Mrs. Morgan appeals, contending that the evidence presented at trial does not support the findings of the trial court, and arguing that the evidence demonstrated that her husband’s heart attack was work-related.
Initially, we point out that the standard of review in a workmen’s compensation case is very narrow. It is limited to a two-step process. This court must first look to see if there is any legal evidence to support the trial court’s findings. If it finds such evidence, then it must determine whether a reasonable view of that evidence supports the trial court’s judgment. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991).
At the time of his death, Morgan was 58 years old and was employed by Reynolds Metals as a paint mixer; that job required him to keep paints mixed by filling tanks with various chemicals. Ralph Sanderson, a co-worker of Morgan, testified that Morgan’s job was not physically strenuous. However, Sanderson testified that on the day of Morgan’s death, a break had occurred in the washer line at approximately 2:00 a.m. and that Morgan had climbed approximately 20 feet to repair the line. Sanderson stated that “it was pretty hot in there.” He further testified that by 3:45 a.m. (approximately one hour before Morgan’s death) the physical labor of repairing the break had been completed. Sanderson stated that Morgan was not engaged in any strenuous work after that. He also stated that Morgan never complained to him of any physical problems.
The record contains conflicting testimony from physicians regarding Morgan’s death. None of those physicians had ever seen Morgan as a patient. Dr. Ira Mitchell, Jr., an internist, testified, after reviewing the autopsy report, that the working conditions did contribute to Morgan’s death. Specifically, Dr. Mitchell stated that the stressful work setting, plus the fact that Morgan was toward the end of a double shift, contributed to his death. Dr. Mitchell also stated that Morgan had an advanced blockage in one heart vessel, which increased his risk for a heart attack, and that the potential for such an attack existed without stress.
Dr. Joseph Embry, a forensic pathologist, performed the autopsy on Morgan’s body. He testified that, given the degree of heart disease Morgan possessed, he was at risk for sudden death from a heart attack regardless of his physical activity. Dr. Embry stated that Morgan’s work on that day would not have been a factor contributing to his attack.
Further, Dr. Brad Cavender, a cardiologist, testified, after reviewing the autopsy report, that Morgan’s work activities did not contribute to his death. Dr. Cavender stated that, given his obstructed artery, Morgan would have died regardless of his activity.
In City of Muscle Shoals, supra, this court held:
*1058 “(1) If in the performance of his job [an employee] has to exert or strain himself or is exposed to conditions of risk or hazard and he would not have strained or exerted himself or been exposed to such conditions had he not been performing his job and (2) the exertion or strain or the exposure to the conditions was in fact, a contributing cause to his ... death, the test whether the job caused the ... death is satisfied.”
406 So.2d at 921.
After thoroughly reviewing the record, we conclude that the evidence supports the trial court’s finding.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, MONROE and CRAWLEY, JJ., concur.

. We note that because of the date of the injury, the Workmen's Compensation Act, as it read before the amendments of May 19, 1992, is controlling.