On Rehearing Ex Mero Motu

YATES, Judge.
This court’s original opinion, dated May 31, 1996, is withdrawn, and the following is substituted therefor:
On February 8, 1993, Samuel Truss suffered a fatal heart attack while working at his place of employment with Georgia-Pacific Corporation. His wife, Juanita Truss, later sued Georgia-Pacific, seeking to recover death benefits pursuant to the Workers’ Compensation Act, and alleging that her husband’s heart attack had arisen out of the course of his employment and that his employment had proximately caused the heart attack. Following an ore tenus proceeding, the trial court on March 24, 1995, found that the task Truss was performing when he suffered his heart attack “was not the cause or a contributing cause of [Mr. Truss’s] death,” and entered a judgment in favor of Georgia-Pacific. Following the denial of Mrs. Truss’s post-judgment motion, she appealed. She contends that the court applied the wrong standards regarding causation and, therefore, that the judgment should be reversed.
Because of the date of injury, this case is governed by the new Workers’ Compensation Act. The new Act provides that a review of the standard of proof and other legal issues, by this court, shall be without a presumption of correctness. § 25 — 5—81(e)(1), Ala.Code 1975. It further provides that when a court reviews a trial court’s findings of fact, those findings will not be reversed if they are supported by substantial evidence. § 25-5-81(e)(2), Ala.Code 1975. Our supreme court “has defined the term ‘substantial evidence,’ as it is used in § 12-21-12(d), to mean ‘evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ ” Ex 'parte Trinity Industries, Inc., 680 So.2d 262, 268 (Ala.1996), quoting West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). Further, “We will view the facts in the light most favorable to the findings of the trial court.” Whitsett v. BAMSI, Inc., 652 So.2d 287, 290 (Ala.Civ.App.1994). This court has also concluded: “The new Act did not alter the rule that this court does not weigh the evidence before the trial court.” Edwards v. Jesse Stutts, Inc., 655 So.2d 1012, 1014 (Ala.Civ.App.1995).
Mr. Truss was employed as an electrician with Georgia-Pacific. He was 49 years old, weighed approximately 260-280 pounds, and had a history of high blood pressure and elevated cholesterol levels; however, both of those conditions were under control following medical treatment. On the morning of his death, Mr. Truss was working with two fellow employees, Curtis Hayes and Larry Cooper; their task was to prepare a spool of wire for “pulling.” Cooper testified that the men inserted a metal bar through the center of the spool, intending to lift first one end of the bar, and then the other, four or five inches to place each end onto the second rung of two ordinary ladders. This would raise the spool off the ground and allow it to turn freely as the men pulled it. Mr. Truss and Hayes together lifted one end of the bar and placed it on the second rung of one of the ladders; Hayes then went to assist Cooper in lifting the other end of the bar. After Hayes and Cooper had positioned the other end of the bar, they turned and found Mr. *330 Truss lying on his back. Efforts at CPR failed, and Mr. Truss died of cardiac arrest.
At trial, Cooper demonstrated the procedure that the men had used in preparing the spool of wire for pulling, using the actual equipment that the men had used on the day Mr. Truss died, or equipment similar to it. Cooper testified that it had taken Mr. Truss and Hayes only about two seconds to lift their end of the bar. He stated that, although the combined weight of the metal bar and spool of wire exceeded 200 pounds, the total weight lifted by Mr. Truss and Hayes was no more than 30 pounds.
Following Cooper’s demonstration, the court conducted its own examination of the metal bar, the spool of wire, and the ladders. It also reenacted the procedure and found that when the first end of the bar is raised into position, only a small portion of the total weight of the metal bar and spool of wire is lifted.
In its judgment, the court used the two-pronged test for causation, sometimes referred to as the “excessive exposure” test, found in Kelley v. G. UB. MK Constructors, 636 So.2d 454, 455 (Ala.Civ.App.1994), which states:
“ ‘(1) If in the performance of his job [an employee] has to exert or strain himself or is exposed to conditions of risk or hazard and he would not have strained or exerted himself or been exposed to such conditions had he not been performing his job and (2) the exertion or strain or the exposure to the conditions was, in fact, a contributing cause to his ... death, the test whether the job caused the ... death is satisfied.’ ”
Id., at 455 (quoting earlier eases). The court specifically found that the activity performed by Mr. Truss on the day of his death was “a simple everyday activity and can in no way be characterized as heavy or vigorous exertion,” and concluded that “such a simple activity was not the cause or a contributing cause of the plaintiffs death.”
Our supreme court has recently said:
“[I]n order to establish causation in a workers’ compensation case where the injury is nonaccidental, meaning that the injury was not caused by a sudden and unexpected external event, a claimant must satisfy a two-part causation test by producing substantial evidence establishing both (a) legal causation and (b) medical causation.... Merely showing that there is a close spatial or temporal relationship between the injury and the place or time of the claimant’s performance of his or her job is not in itself always sufficient to satisfy either of the two prongs of Alabama’s workers’ compensation nonacci-dental injury causation test.”
Ex parte Trinity Industries, supra, at 269 (citations omitted). To establish “legal causation,” a claimant seeking compensation under the Workers’ Compensation Act for a nonaeeidental injury “need only establish that the performance of his or her duties as an employee exposed him or her to a danger or risk materially in excess of that to which people are normally exposed in their everyday lives.” Id., at 267. A claimant is not required to show any unusual strain or overexertion in order to establish “legal causation.” Id.
To establish “medical causation,” a claimant need only produce evidence tending to show that the exposure to risk or danger proven in step one of the two-part causation test ‘“was in fact [a] contributing cause of the injury,’ ” in this case a heart attack. Id., at 269, quoting City of Tuscaloosa v. Howard, 55 Ala.App. 701, 704, 318 So.2d 729, 732 (Ala.Civ.App.1975) (emphasis added in Ex parte Trinity Industries). Whether this test has been satisfied must be determined on a case-by-case basis. Ex parte Price, 555 So.2d 1060 (Ala.1989). The claimant is not required to produce evidence indicating that the exertion was the only factor contributing to the onset of the heart attack. Ex parte Trinity Industries, supra. The claimant is not required to prove any unusual strain or overexertion in order to establish causation. Id.
The trial court’s judgment is reversed, and the cause is remanded for the trial court to determine legal and medical causation under Ex parte Trinity: (1) whether Truss produced substantial evidence to establish that he was exposed to “cardiovascular stress [in *331 performing his job duties] ‘materially in excess’ of the base-line level of risk to which we all are exposed in merely living,” id,., at 269; and (2) whether that exposure was in fact a contributing cause of the heart attack.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and CRAWLEY, J„ concur.