THOMPSON, Judge,
dissenting.
I believe the trial court properly entered the summary judgment in favor of South Baldwin Hospital. Summary judgment is appropriate when the movant has shown that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Berner v. Caldwell, 543 So.2d 686, 688 (Ala.1989); Woodham v. Nationwide Life Ins. Co., 349 So.2d 1110, 1111 (Ala.1977).
The majority finds that Kovalchick presented sufficient evidence to create a genuine issue of fact as to whether her job was so stressful as to cause her heart attack. Kovalchick was required to present substantial evidence creating a genuine issue of material fact in order to defeat South Baldwin Hospital’s motion for summary judgment. See Danford v. Arnold, 582 So.2d 545, 546 (Ala.1991); Ala.Code 1975, § 12-21-12. “Substantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). “Substantial evidence has been defined as such ‘relevant evidence as a reasonable mind might accept as adequate to support a conclusion,’ and it must be ‘more than a scintilla and must do more than create a suspicion of the existence of a fact to be established.’ ” Alabama Alcoholic Beverage Control Bd. v. Tyson, 500 So.2d 1124, 1125 (Ala.Civ.App.1986). “Evidence which affords nothing more than speculation, conjecture or guess is wholly insufficient to warrant the submission of a case to the jury.” Williams v. Palmer, 277 Ala. 188, 193, 168 So.2d 220, 224 (1964).
Kovalchick failed to produce substantial evidence to create a genuine issue of material fact as to whether her job exposed her to a danger or risk materially in excess of the danger which persons are ordinarily exposed to in their everyday lives. Although she worked long hours, she had chosen to work the 32/40 hour shift because it allowed her 5 days off between each work week. In addition, when she worked the 32/40 hour shift, she received pay and benefits for a 40-hour work week, even though she worked only 32 hours. Kovalchick testified that her nursing duties in the intensive care unit and the *1203 emergency room had been stressful, but she did not create a genuine issue of material fact as to whether her nursing duties in these areas exposed her to a higher risk of a heart attack than the average person.
The Alabama Supreme Court has acknowledged that “[d]etermining whether a causal relationship has been established between the performance of the claimant’s duties as an employee and the complained-of injury is especially difficult and troublesome when the complained-of injury was not produced by some sudden and traumatic external event.” Ex parte Trinity Industries, Inc., 680 So.2d 262, 266 (Ala.1996). Clearly, not “every injury that could conceivably be argued to be linked to a person’s employment” is compen-sable under the Act. Id. This court has adopted a standard a claimant must meet to establish a causal connection between the injury and the employment. See City of Tuscaloosa v. Howard, 55 Ala.App. 701, 318 So.2d 729 (Ala.Civ.App.1975). To establish causation as to a nonaecidental injury, a worker’s compensation claimant must satisfy a two-pronged test, presenting substantial evidence establishing both legal causation and medical causation. Ex parte Trinity Industries, 680 So.2d at 266. Legal causation is shown if the injured employee can show “ ‘that the performance of the duties for which he [or she] is employed ... expose[d] [him or her] to a danger or risk materially in excess of that danger to which people not so employed are exposed [ordinarily in their everyday lives].’ ” Ex parte Trinity, at 266 (quoting City of Tuscaloosa v. Howard, 55 Ala.App. 701, 318 So.2d 729, 732 (Civ.1975)). In order to prove medical causation, a claimant must produce substantial evidence that the exposure to risk or danger was a contributing cause of the injury for which benefits are being sought. Id. at 267 (citing to Howard, 318 So.2d at 732).
The Court explained the rationale behind the Howard legal causation standard, stating:
“The Howard ‘legal causation’ standard was intended to act, and does act, to prevent employers from being unfairly saddled with the cost of being made the absolute insurer of an employee’s health. Without a ‘legal causation’ standard, a person who becomes ill or dies because of a natural cause, such as an aneurysm or slipping into a diabetic coma, unrelated to any job-related risk, would be able to recover under our workers’ compensation statute merely because he or she was lucky enough to have the disabling event resulting from that natural cause occur at the place of employment or just after the employee has left the place of employment. Such a result was not intended by the legislature when it enacted our workers’ compensation law.”
Ex parte Trinity, at 267.
Kovalchick did not present substantial evidence creating a genuine issue of material fact regarding whether the stress she was exposed to at work was a contributing cause of her heart attack. She produced no evidence at all, other than her own testimony, to indicate that her heart attack was related to her employment.
In appropriate circumstances, medical causation may be established from evidence other than doctor’s testimony or affidavit. However, medical causation can generally be proven without medical testimony only when a traumatic external event, such as a back injury, occurs suddenly as a result of an obvious accident or strain that occurred on the job. See generally, Ex parte Price, 555 So.2d 1060 (Ala.1989). The absence of outside medical testimony in this case is remarkable. There was no testimony from anyone qualified as a medical expert as to the cause of the heart attack. Overtime work and long hours alone do not automatically meet the medical causation test. Morgan v. Reynolds Metals Co., 655 So.2d 1056 (Ala.Civ.App.1995); Strickland v. National Gypsum Co., 348 So.2d 497 (Ala.CivApp.1977).
Kovalchick was a woman with an eight-year history of episodes of irregular heart rhythm called premature ventricular contractions. She testified that these episodes occurred randomly, at varying times during the day and night. The major symptom she experienced with these episodes was severe chest pain. She also suffered from hypertension.
*1204 Clearly, at the summary judgment stage, Kovalchick is not compelled to prove all the elements of her claim in order to defeat her employer’s properly supported motion for summary judgment. However, to create a genuine issue of a material fact, she must present substantial evidence of a causal connection between her heart attack and her employment at South Baldwin Hospital. In my opinion, Kovalchick did not produce such substantial evidence as would defeat South Baldwin Hospital’s motion for summary judgment. For the foregoing reasons, I respectfully dissent.
CRAWLEY, J., concurs.