I disagree with the main opinion's holding that the trial court erred in denying Vongsouvanh's claim for permanent-total-disability benefits. The main opinion bases this holding on its conclusion that Vongsouvanh presented substantial evidence indicating that his physical injuries were a contributing cause of his mental disorders; however, this Court's standard of review on appeal is not whether the plaintiff presented substantial evidence but, rather, whether the trial court's finding is supported by substantial evidence.
It is "settled that the trial court's findings on disputed evidence in a workers' compensation case are conclusive." Ex parte Ellenburg,627 So.2d 398, 399 (Ala. 1993). Section 25-5-81(e)(2), Ala. Code 1975, provides that "[i]n reviewing pure findings of fact, the finding of the circuit court shall not be reversed if that finding is supported by substantial evidence." While this Court is authorized to determine whether the trial court's decision is supported by substantial evidence, it is not authorized to independently weigh the evidence. See Ex parteAlabama Ins. Guar. Ass'n, 667 So.2d 97, 99 (Ala. 1995) (holding that the Court of Civil Appeals committed reversible error when it reweighed the evidence in a workers' compensation case).[1]
To find causation ordinarily requires that a judge make specific findings of fact. See, e.g., City of Muscle Shoals v. Davis,406 So.2d 919, 922 (Ala.Civ.App. 1981) (noting that "[s]ince the evidence supports the *Page 629 
trial court's findings of fact as to both legal and medical causation, the test of whether the job caused the injury is satisfied"). In this case, the trial court found as a matter of fact that Vongsouvanh's physical "injuries were not the proximate cause of [his] mental disorder." That finding of fact is supported by substantial evidence. Thus, under § 25-5-81(e)(2), Ala. Code 1975, this Court may not reverse the trial court's judgment.
I respectfully dissent.
[1] The 1992 amendments to the Workers' Compensation Act "did not alter the rule that [the appellate court] does not weigh the evidence before the trial court." Edwards v. Jesse Stutts, Inc., 655 So.2d 1012, 1014
(Ala.Civ.App. 1995).